In re LEWIS.

No. 1203.

Municipal Court of Appeals for the District of Columbia.

Argued April 28, 1952.

Decided May 21, 1952.

Foster Wood, Washington, D. C., Robert I. Miller, Washington, D. C., on the brief, for appellant.

Edward A. Beard, Asst. Corporation Counsel, Washington, D. C., Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, a boy thirteen years of age, was committed by the Juvenile Court to the Board of Public Welfare after hearing on a petition charging him with having committed an indecent assault on a little girl nearly five years of age.

At the hearing there was testimony by the little girl, her mother, and a police officer who identified a confession by appellant, the confession being received in evidence without objection. The testimony and evidence fully justified a finding that the little girl went to appellant's home, which was next door to her home, and there appellant removed the child's undergarment and committed an indecent act with her. The child was not physically harmed.

Although not specifically assigned as error here, objection was made at the hearing to the competency of the child as a witness. At the time of the trial the child was about four years and ten months of age, the incident having occurred about two months prior thereto. Before she was allowed to testify the court questioned her and concluded that she was competent to testify. Since no specific objection as to her competency was raised either at the hearing or here, we consider only the question whether any rule of law conclusively presumes that a child between four and five years of age lacks the capacity to testify. We find no such rule. The general rule is that there is no precise age which determines the question of competency. Competency "depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former." Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244. See also Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292; Posey v. United States, D.C.Mun. App., 41 A.2d 300; Wigmore, Evidence (3d ed.) § 505. In the Wheeler case a boy of five was permitted to testify and in

the Beausoliel case a girl of six was held a competent witness. There are numerous cases where children five or six years of age have been held competent witnesses.[1] On the record before us we cannot hold that there was error in permitting the child to testify.

In his main argument appellant asserts error in permitting the mother to testify concerning statements made to her by the child after the occurrence of the event. The testimony of the mother was that she had sent the child out of the house to play; that about an hour later she looked for the child and could not see her but shortly thereafter saw her coming across the yard and called to her to come into the house; that when the child came in she could see that the child "was upset about something" and she asked the child where she had been; that the child replied that she had been at Bobby's (appellant's) home and when she asked what she had been doing replied, "If I tell you, you will whip me"; that she sent the child to her room and then went to the room and asked the child what had happened, telling her she would not be whipped if she told the truth; that the child then said that she had been playing "nasty" and related what had occurred at appellant's home.

Appellant argues that the statements by the child to her mother did not constitute a spontaneous utterance such as to bring it within the exception to the hearsay rule. The answer to this contention, we think, is found in two decisions in this jurisdiction. In Beausoliel v. United States, supra, it was held that what constitutes a spontaneous utterance will depend on the facts peculiar to each case and will be determined by the exercise of sound judicial discretion which will not be disturbed on appeal unless clearly erroneous; that the fact that the statements are made in re-sponse to inquiry is not decisive of the question of spontaneity and that the time element, while important, is not controlling. In Brown v. United States, 80 U.S.App. D.C. 270, 152 F.2d 138, it was held that hearsay testimony of a child's calm narrative of past events is not admissible, and that even a spontaneous utterance is admissible only when a foundation is laid for it, such as the child's condition or the testimony of the child itself.

Guided by these principles, we think the mother's testimony concerning the child's statements was admissible. While the record does not show the exact time which elapsed between the event and the relating of it by the child, it appears clear it was of no lengthy duration. As soon as the child returned home the mother saw from the child's appearance that she was upset and this indicates that the child was still under the influence of her very recent experience. In our opinion there was a real basis for the trial court's determination that the statement was spontaneous and was not a calm narrative. This being so, ample foundation had been laid for its admission by the testimony of the child, the testimony concerning the child's upset condition and the confession of appellant himself.

Appellant's final contention is that he was charged with committing an "indecent assault" and that there is no such offense in this jurisdiction. Our statute makes an unlawful assault a misdemeanor and nowhere uses the term "indecent assault."[2] However, we think the addition of the word indecent in the charge may be treated as surplusage. It neither added to nor detracted from the charge and appellant's acts clearly constituted an assault, since the child's acquiescence or submission was immaterial. Beausoliel v. United States, supra.

Affirmed.

---

1. People v. Goff, 100 Cal.App.2d 166, 223 P.2d 27; State v. Ragona, 232 Iowa 700, 5 N.W.2d 907; Jackson v. Commonwealth, 301 Ky. 562, 192 S.W.2d 480; Yarbrough v. State, 202 Miss. 820, 32 So. 2d 436; Hill v. Skinner, 81 Ohio App. 375, 79 N.E.2d 787.

2. Code 1940, 22–504.