**Alleyne HENDERSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 1691.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1955.

Decided Oct. 27, 1955.

Carlisle E. Pratt, Washington, D. C., for appellant.

John W. Kern, III, Asst. U. S. Atty., with whom Leo A. Rover, U. S. Atty., Lewis Carroll and Harry T. Alexander, Asst. U. S. Attys., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We are again called on to review a conviction on a charge of assault, where a defendant in the expression of a homosexual overture touched the genitalia of a police officer.[1]

The incident took place in a smoking room adjoining the men's room in the basement of a theatre. The arresting officer testified that he passed the defendant in the smoking room and the defendant stood in the doorway between the smoking room and the men's room watching the officer; that after the officer returned from the men's room to the smoking room he walked past the defendant and stopped at the side of the room about six or seven feet away from defendant. He continued: "Then as I stopped he walked from the position he was standing in the doorway directly over to me and put his hands on my privates. I asked him if he wanted that. He said, 'Yes.' By the time I said those words he started to unzip my trousers, so I identified myself and placed him under arrest at that time."

Another officer was waiting upstairs in the theatre lobby, and the two officers took the defendant to the call box and had him

---

1. The prosecution was brought under D.C. Code, § 22–504, which provides: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

transported to headquarters. There later in the evening the two officers talked with defendant. They testified that in the course of their conversation defendant admitted the act and admitted being a homosexual. Defendant did not take the stand or offer any evidence. The jury found him guilty.

We first discuss three assignments of error dealing with requested instructions and with the judge's charge to the jury. In one tendered instruction the judge was asked to tell the jury that they must acquit unless by defendant's act of touching him the officer "suffered great damage, in that he suffered fear, shame, humiliation, or mental anguish." This is not a correct statement of the law, as will appear from what is said later in this opinion. The instruction was properly refused.

In another instruction defense counsel asked the judge to tell the jury that if the officer "responded favorably to the approach, such response would, of course, constitute consent and nullify the offense." There was no error in refusing this instruction because the judge in his charge covered the subject of consent fully, accurately and fairly. Among other things he told the jury specifically that it was their duty to acquit the defendant unless they felt beyond a reasonable doubt that there was a lack of consent on the part of the officer.

Appellant also says the judge in his charge drew an improper analogy between consent and entrapment. It is probably true that more was said on the subject of entrapment than was necessary, since defendant did not rely on that as a defense. But we think it was not prejudicial and could not have misled the jury, because the charge as a whole was thoughtful and accurate and completely fair to defendant's interests.

More important is the claim that the evidence did not support a charge of as-

sault. More than two years ago we explored a similar situation at considerable length, and decided that acts of this kind were within the prohibition of our assault statute. Dyson v. United States, D.C. Mun.App., 97 A.2d 135. We based our decision largely on Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292, 295. There the court said that assault as contemplated by the statute " 'is common law assault, which is defined in various ways' ", and directing its attention specifically to cases involving sex aberrations, said "At common law, it was generally held that a man who took improper liberties with the person of a female, without her consent, was guilty of assault. * * * The attempt need not be made violently, insolently, or in anger. Such assaults are not made in that way." After drawing analogies with and giving illustrations of cases in which attempts at various types of sexual misbehavior were held to be assaults in law, the court continued: "In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault."

From that we reasoned that if it is an assault to touch a woman unlawfully in the expression of a lustful instinct, then it is just as much an assault for one man to touch another without his consent in the intimate expression of a perverted desire. And we concluded, Judge Hood dissenting, "[s]o, applying the common law rule and paraphrasing only slightly what the court there said, we rule that a man who takes improper liberties with the person of another man without his consent is guilty of assault." Dyson v. United States, supra, 97 A.2d at page 137.[2]

The following year we made the same ruling in McDermett v. United States, D.C. Mun.App., 98 A.2d 287, though in that case we reversed the conviction because the of-

2. In his dissent Judge Hood maintained that although the defendant was charged with assault, the prosecution developed into one for making an invitation to commit an act of perversion. He also said that charging defendant with assault was

458

ficer's inducive conduct amounted to consent.

A few weeks ago in a case almost identical with this one (except that this defendant did not take the stand) we again followed the views expressed in the Dyson case. Guarro v. United States, D.C.Mun. App., 116 A.2d 408.

Counsel for appellant, in his carefully prepared brief, urges a "reexamination and reevaluation" of the Dyson decision. Cases of this nature have troubling and difficult aspects. They involve not only statutory construction, but also moral considerations, social interests, police practices (which we discussed at some length in McDermett, supra), and the various and complicated problems surrounding the ancient and vexing question of what the law ought to do about the homosexual. All this we pondered before deciding the Dyson case. There a majority of this court came to the conclusion that in this type of case, and within the limits we spelled out, a prosecution for assault may be sustained under our statute. In that case there was an application for appeal to the United States Court of Appeals for the District of Columbia Circuit; and the application was denied. See United States Court of Appeals No. 11,832, *appeal denied* July 31, 1953.

But a few days ago in the Guarro case the United States Court of Appeals granted an application for appeal, and review of our decision is now pending in that court. See United States Court of Appeals No. 12,844, *appeal granted* October 13, 1955. Thus the way is now open for a reappraisal of the entire subject by our highest court, not only as to the Guarro case but also, because the same question is involved, as to this one.

In the meantime, we think we should adhere to the conclusions we reached in the earlier cases.

It may be true, as has been suggested, that as a result of the Kelly decision, footnote 2, *supra*, law enforcing officials felt thwarted in their prosecution of soliciting cases and started bringing their charges under the assault statute. But that alone is no ground for condemnation or alarm, so long as the cases are brought in good faith. The books are full of cases where an act falls under the prohibition of more than one statute and where the prosecution has the right to elect under which statute to bring the charge. And it is assumed that courts will be alert in protecting a defendant against whom a faulty or unwarranted charge is brought or who is teased into an act of intimacy by an overzealous policeman. See McDermett v. United States, supra.

Note by Chief Judge CAYTON: I am authorized to say that Judge QUINN concurs in the result; also that Judge HOOD concurs in the result on the same ground stated in his concurring opinion in the Guarro case.

Affirmed.

an attempt to evade the decision in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, where it was held that in a prosecution for an invitation to a pervert-ed sexual act there must be corroboration. Judge Hood challenged the propriety of charging a defendant with assault and convicting him on proof of homosexuality.