**UNITED STATES of America**
v.
**Charles L. TREMBLE, Appellant.**
**No. 71–1832.**

United States Court of Appeals,
District of Columbia Circuit.
Nov. 8, 1972.

As Amended Nov. 16, 1972.

Ms. Marsha E. Swiss, Washington, D. C. (appointed by htis Court), was on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., with whom Messrs. John A. Terry, Her-

---

34. Warshaw v. Calhoun, 221 A.2d 487 (Del.1966).

bert B. Hoffman and Robert Alan Jones. Asst. U. S. Attys., were on the brief for appellee.

Before DANAHER, Senior Circuit Judge, and WRIGHT and WILKEY, Circuit Judges.

DANAHER, Senior Circuit Judge:

This appellant was convicted of assault with intent to commit rape 22 D. C.Code § 501, with rape defined as achieving carnal knowledge of a female "forcibly and against her will," 22 D.C. Code § 2801. He was also convicted on a second count of robbery, 22 D.C.Code § 2901. He was sentenced to serve not less than five nor more than fifteen years on the first count and to serve not less than three nor more than nine years on the robbery count. The judgment recited further (1) that sentence on the second count was to run *consecutively* [1] to the sentence in Count One, both sentences to be served consecutively to any sentence imposed previously by any court in this or any jurisdiction, state or federal.

■ Preliminarily, we may notice the appellant's claim that the trial judge should have required, *sua sponte* a further inquiry into the appellant's competency to stand trial, but a pre-trial examination had already resulted in a certification by St. Elizabeths staff of competency and a Superior Court judge after a hearing had reached a like result. We perceive here no showing and no circumstances to justify a conclusion that the trial judge had erroneously failed to exercise a sound discretion in not, *sua sponte*, directing a further hearing on competency. *See* Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949 (*en banc*, 1967), Whalem v. United States, 120 U.S.App.D.C. 331, 335, 346 F.2d 812, (*en banc*, 1965).

Further, the evidence peradventure established the guilt of the appellant on the robbery count, indeed the record dis-closes in that respect no suggestion of error, and without more, that conviction is affirmed.

We turn to the core of the case. After all the evidence was in, the appellant moved to dismiss the first count. Regrettably he offered no help to the trial judge, no elaboration of points for consideration in light of the evidence, and no citation of cases wherein we have spelled out and applied principles which should have controlled the ruling. Even so, there was the motion, and it was denied immediately, without more, as swiftly as it had been propounded, leaving us to pass upon the question of law inhering in that ruling, so critical here.

■ The elements of the crime as charged are spelled out in United States v. Bryant, 137 U.S.App.D.C. 124, 130, 420 F.2d 1327 (1969), relating back through case after case, to Hammond v. United States, 75 U.S.App.D.C. 397, 398, 127 F.2d 752, 753 (1942). There is no doubt that this appellant committed an assault upon the prosecutrix. But the government must prove beyond a reasonable doubt each of the other two elements as well. Sex charges may not be submitted to the jury simply upon the testimony of the alleged victim, for corroboration is essential to the proof of each element. United States v. Huff, 143 U.S.App.D.C. 163, 166, 442 F.2d 885 (1971), and see cases cited in United States v. Medley, 146 U.S.App.D.C. 396, 452 F.2d 1325 (1971).

Consequently there have been repeated situations where the trial judge is called upon to determine whether the evidence is *legally* sufficient to go to the jury, United States v. Medley, *supra*, not only respecting the complaint of the prosecutrix, but as to the necessary corroboration. Borum v. United States, 133 U.S. App.D.C. 147, 152, 409 F.2d 433 (1967), cert. denied, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969). And *see*, Coltrane v. United States, 135 U.S.App.D.C. 295, 303, 418 F.2d 1131 (1969).

---

*1.* Contrary to a representation in the government's brief that the sentences were to run concurrently.

█ That there was an assault is beyond question. That the appellant while sexually exposed lay above and reached beyond the woman on the automobile seat and seized her purse was established. That while so acting he may have found some sexual self-gratification may be assumed. That he hoped he might arouse her desire or that she might somehow consent to his going further can, for present purposes, be taken for granted. But there is no evidence that he intended by force and violence and against the woman's consent to achieve penetration.[2] United States v. Bryant, *supra*, Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963).

Here, viewing the evidence in the light most favorable to the prosecution, this appellant said nothing. He uttered no threat. He did not touch her with his hands. He made no attempt to remove her clothing. He worked no physical harm. Having seized her purse and having thereupon been repulsed, from outside the car he seized her arms and pulled her toward him. She screamed and he ran.[3]

█ There was the crux of the case as it bore on the motion to dismiss the first count. On the other hand the evidence here overwhelmingly established the elements [4] of assault upon which a conviction and judgment may properly rest. Rather than order a new trial because of the ruling we have discussed, we think it appropriate that we remand with directions that if the prosecution consents and the trial judge considers it in the interests of·justice, a judgment of

assault be entered. Otherwise a new trial on the first count shall be ordered.[5]

The conviction on Count Two is affirmed.

---

2. We would raise no question as to the adequacy of the instructions were we to accept their pertinency on the assumption that the trial judge correctly had allowed the case to go to the jury on the intent to commit rape count. Our observation as to the instructions on assault is equally apt if the judge had submitted the first count, modified and limited *solely* to the lesser included offense.

3. That there was corroboration of what she thereafter said and did is clear enough.

That this appellant intended to achieve sexual intercourse by force and violence and against her will was not established in fact.

4. The instructions correctly dealt with this aspect of the case.

5. United States v. Bryant, *supra*; United States v. Medley, *supra*. *Cf.* Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969).