Benjamin Altman, J.
Is the buttock a "private part” of a female? This is the question raised by the defendant. The defendant has moved to dismiss the misdemeanor complaint for its failure to state a reasonable cause for prosecution under section 130.55 of the Penal Law, sexual abuse in the third degree.
The factual situation is not disputed and is as follows:
*725 The defendant, James Thomas, is charged with touching the buttocks of a female, Barbara Starkey, without her consent, while the defendant and Mrs. Starkey were riding a rush hour IRT train on a Friday, September 9.
The defendant was arrested by a transit patrolman. The defendant was arraigned before this court and charged with violating section 130.55 of the Penal Law, sexual abuse in the third degree.
The complaint sworn to by the officer states: "Deponent observed defendant touch the private part to wit the buttocks of a female Barbara Starkey without her consent.”
The defendant contends that the buttock is not an "intimate part” of a person within subdivision 3 of section 130.00 of the Penal Law. Without the buttocks being considered an intimate part, no crime of sexual abuse can have occurred.
The novel approach of the defendant is that since the buttocks are not located in the genital area, is not a reproductive organ nor a breast, it cannot be considered "private parts.”
The defendant supports his position with an analogy to the oft-cited case of People v Groszman-Bagrati (202 NYS2d 572) which predates the current statute.[1] The defendant also utilizes the Practice Commentaries authored by Arnold Hechtman, immediately following the statute (McKinney’s Cons Laws of NY, Book 39, Penal Law, p 486). Both the case and the commentaries exclude "buttocks” from their definitions of private parts. They do include "breast” and "genital areas” in their definitions.
The prosecution stresses case law which includes the "buttock” as a "private part”.
The issue then presents itself: is the anatomical part of the human known as the "buttocks” a private part within the purview of section 130.55 of the Penal Law and does touching of the buttocks constitute sexual contact under subdivision 3 of section 130.00 of the Penal Law?
Before we proceed, it would be helpful to set forth certain relevant statutes and define certain concepts.
The two statutes most directly involved here are subdivision 3 of section 130.00 and section 130.55 of the Penal Law.
*726 Subdivision 3 of section 130.00 defines "sexual contact” and states: " 'Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.”
Section 130.55 sets forth the crime of sexual abuse in the third degree. The relevant part states: "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter’s consent”.
The buttocks may be defined as: "Either of the two rounded prominences separated by a median cleft that form the lower part of the back in man and consists largely of the gluteus muscles.” (Webster’s Third New International Dictionary.)
The offense of sexual abuse (presently Penal Law, §§ 130.55-130.65) is derived from sections 483-a[2] and 483-b[2] of the former Penal Law. As it applies to adult victims, the offense of sexual abuse is a newly defined offense.
People v Groszman-Bagrati (202 NYS2d 572, supra) represents an interpretation of the former statute.
There, the defendant was charged with unlawfully carnally abusing the body of a boy over the age of 10 and under the age of 16. In part the defendant was charged with placing his hand "on said Terrence Convoy’s private parts and did smell his feet and anus.”
The court stated at pages 575 to 576: "It is the Court’s opinion that the word 'sexual’, as used in the statute here under analysis, modifies both 'parts’ and 'organs’ and that same is to be construed in the sense of normal or ordinary usage of the parts or organs of the body. If so defined it is impossible to contend or conclude that the feet or the anus are 'sexual’ parts or organs. The mere fact that they might be diverted from their normal functions into abnormal uses would not, in this Court’s judgment, convert them into 'sexual’ parts or organs for present purposes.”
*727 This case reflected an accurate interpretation of the statute at that time. Modification of the offense through the sexual abuse statute of the revised Penal Law causes the Groszman-Bagrati decision not to be viable under the case currently under consideration here. The area of the proscribed conduct under sections 483-a and 483-b has been increased under the adoption of the revised Penal Law.
This broadening of conduct deemed prohibited by the sexual abuse statute is apparent in recent case law.
People v Blodgett (37 AD2d 1035, 1036) clarifies the situation. The decision was rendered in 1971 after subdivison 3 of section 130.00 and section 130.55 were enacted. "Under prior law (Penal Law, §§ 483-a, 483-b), the language 'sexual parts or organs’ was used. The courts have construed this language to mean the organs of human reproduction. (People v. Belcher, 299 N. Y. 321.) It is apparent from a history of these statutes that the Legislature intended the phrase, 'sexual contact’ to be no longer restricted to the reproductive organs.”
My ^esteemed colleague, Judge Haft, in People v Teicher (Supreme Ct, NY County, decided May 31, 1977), discusses the concept of sexual contact.
The situation involved female patients who had been anesthetized by the defendant, a dentist. The defendant was subsequently charged with sexual abuse in the first degree (Penal Law, § 130.65, subd 2). The term "sexual contact” is used within that offense as it is in the offense of sexual abuse in the third degree (as the defendant is charged in the matter presently before this court).
Judge Haft in his decision stated: "Each [patient] was 'out’ or 'unconscious’ and, upon coming to a semi-conscious state, discovered the defendant-dentist engaged in touching their breasts, buttocks or other private intimate parts. This conduct would clearly fall within the scope of activity proscribed by the statute.” (Emphasis added.)
The conclusion reached by Judge Haft is the touching of the buttocks without consent can constitute "sexual contact” under the sexual abuse statute.
The Practice Commentaries by Arnold Hechtman (McKinney’s Cons Laws of NY, Book 39, p 446) also shows the expansion intended by the Legislature. "Subdivision three [the definition of sexual contact], by including intimate parts’ as *728 well as !sexual parts’ represents an expansion of the proscribed activity.” (Emphasis added.)
From the above, it is very apparent that "sexual contact” is no longer restricted to the reproductive organs, and that the buttocks may be considered an intimate part under the sexual abuse statute.
The defendant suggests that if any crime was committed, it was not that of sexual abuse, but perhaps some other offense, such as assault or harassment. No doubt this reasoning is based upon the fact that under the former Penal Law, the proscribed behavior covered by the present statute of sexual abuse, when committed upon an adult, was generally prosecuted under the offense of third^degree assault (formerly section 244 of the old Penal Law). However, under the current Penal Law, assault (§ 120.00) requires that actual physical injury be inflicted. The specific conduct dealt with by the offense of sexual abuse — "sexual contact” (§ 130.00, subd 3)— normally does not result in physical injury. Therefore, a void would exist if sexual abuse was not expanded to cover offenses against adults (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Penal Law, Book 39, p 486).
Nor can harassment, a mere violation (punishable by a maximum sentence of 15 days), be deemed an appropriate replacement for sexual abuse. The penalties for sexual abuse range from a D felony to a B misdemeanor (a maximum of a three months’ sentence).
Thus neither of the defendant’s "substitute” offenses can be considered sufficient.
If the alleged occurrence had in fact taken place in an area where the social mores condone the unconsented touching or pinching of the buttocks (rumor has it that Italy may be such an area), perhaps the defendant’s position could be sustained. However, here the touching of a woman’s buttocks without her consent is not treated so cavalierly as in some environs.
For the reasons stated above, the defendant’s motion is denied in all respects.

. Section 130.55 of the Penal Law became law in 1965 (L 1965, ch 1030). In its application to adult victims, the offense is new. It was derived, as far as children being victims, from the old Penal Law (§§ 483-a, 483-b).

. Sections 483-a and 483-b stated the following:
"483-a. Carnal abuse of a child. Any person of the age of eighteen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the sexual parts or organs of a child of the age of ten years or under, shall be guilty of a felony” (emphasis added).
"483-b. Carnal abuse of a child over ten years of age and less than sixteen. Any person who carnally abuses the body of a child of over the age of ten years and less than sixteen years of age, or who indulges in any indecent or immoral practice with the sexual parts or organs of any such child, in a manner other than by an act of sexual intercourse, shall be guilty of a misdemeanor” (emphasis added).