■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN STRO-MAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered December 7, 1979, convicting him of sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of sodomy in the first degree under Count No. 3 of the indictment to a conviction of sexual abuse in the first degree, and by vacating the sentence imposed upon that conviction. As so modified, judgment affirmed and case remitted to Criminal Term for resentencing as to the conviction of sexual abuse in the first degree. The facts have been considered and are determined to have been established: One of the elements of sodomy in the first degree is "Deviate sexual intercourse" (Penal Law, § 130.50), which is defined by subdivision 2 of section 130.00 of the Penal Law as "contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva." While there was evidence under Count No. 3, that the complainant's anus was touched, the record does not establish that it was defendant's penis which touched the complainant's anus. Therefore the conviction of first degree sodomy under Count No. 3 cannot stand. However, defendant's conduct did constitute "Sexual contact", which is defined by subdivision 3 of section 130.00

of the Penal Law as "any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party." Since the elements of sodomy in the first degree are identical with the elements of the lesser included offense of sexual abuse in the first degree (Penal Law, § 130.65), except that in place of the element of deviate sexual intercourse is the element of sexual contact, we reduce this conviction accordingly. Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.