**Leon A. REID, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 82–414.**

District of Columbia Court of Appeals.

Submitted Feb. 28, 1983.

Decided Aug. 31, 1983.

Mark F. Werblood, Arlington, Va., for appellant.

Stanley S. Harris, U.S. Atty., Michael W. Farrell, Colleen M. Kennedy and John R. Fisher, Asst. U.S. Attys., Washington, D.C., for appellee.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Following a jury trial, appellant was convicted of unlawful possession of a pistol (after a felony conviction), D.C.Code § 22–3203 (1981), failure to register a firearm, id. § 6–2311, unlawful possession of ammunition, id. § 6–2361, and alteration of identifying marks on a weapon, id. § 22–3212. He asserts on appeal that there was insufficient evidence presented at trial to withstand his motion for judgment of acquittal. We affirm on all counts except that pertaining to the alteration of identifying marks on a weapon as that conviction was premised upon an unconstitutional statutory inference.

## I

On September 7, 1981, Patricia Mackall approached Metropolitan Police Officer Edward Stulga and informed him that her boyfriend, appellant, was around the corner and had a gun. Stulga and his partner, Officer Addison, went with Mackall to investigate, but were unable to locate appellant. Mackall suggested that appellant might be found in her apartment, as appellant had been living there with her but was then in the process of moving out. The three of them therefore proceeded to Mackall's apartment, located in the District. There they found appellant amidst a number of boxes and a large amount of men's clothing. Mackall identified appellant as the person possessing the gun whereupon Stulga frisked him, finding nothing. Mackall then told the officers that appellant kept a gun in the apartment and authorized them to conduct a search for the weapon.

A third officer, John McBrayer, who arrived at Mackall's apartment pursuant to a radio run, discovered a gun in a box on the floor next to where appellant had been standing when the officers first arrived. The box also contained some men's clothing. Appellant was immediately arrested and taken to the police station. There, appellant was read his Miranda[1] rights before being questioned by Officer Stulga. Appellant confessed that he had purchased the weapon two years earlier in the Fourteenth Street corridor for twenty-five dollars.

At trial, the government showed that the seized gun was an operable automatic pistol, loaded with four rounds of ammunition. The serial number of the gun had been removed, but was raised through a chemical process. A subsequent search of the records revealed that appellant did not have a license to carry a pistol in the District nor was the gun registered here. The government entered into evidence Metropolitan Police Department certificates to these effects. The government also introduced into evidence a certified copy of appellant's felony conviction for distribution and possession of heroin.

Mackall testified that she had lied to the police about appellant's having a gun in order to induce them to follow her to her apartment so that they could break up a fight between appellant and herself. She stated that the gun discovered by the police belonged to her brother who used to live with her but who was currently imprisoned.

Appellant testified that, contrary to what he had indeed told Officer Stulga, he did not own the gun. He said that he had admitted ownership of the gun solely to stop the police from repeatedly asking him if it were his. He testified that he had made up the additional information he had given Officer Stulga concerning the time and place of his purchase of the gun while he was being questioned.

## II

We will not reverse the denial of a motion for judgment of acquittal unless "there

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

is no evidence upon which a reasonable person might fairly conclude guilt beyond a reasonable doubt." *Morrison v. United States,* 417 A.2d 409, 312 (D.C.1980), *citing Cunningham v. United States,* 408 A.2d 1240, 1242 (D.C.1979). Here, there was ample evidence to support appellant's convictions of unlawful possession of a pistol and ammunition and failure to register a firearm.

▮ A conviction under D.C.Code § 22–3203 [2] requires the government to show that appellant (1) had the required possessory or ownership interest, (2) in a pistol, (3) within the District of Columbia, (4) having been previously convicted of a felony. Appellant's dispute with his conviction relates solely to the first element, as the pistol and a certified copy of appellant's previous felony conviction were introduced into evidence at trial and two police officers testified that the pistol was found in an apartment within the District. Satisfactory proof of the possessory or ownership interest exists where the government shows that appellant did own, possess or have control of a gun. *See Palmore v. United States,* 290 A.2d 573 (D.C.1972), *aff'd,* 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

▮ The jury's finding that appellant did indeed own or possess the pistol was amply supported by appellant's admission after questioning that the gun was his and by the fact that the gun was found in a box of men's clothing in the apartment in which appellant was the sole male occupant. *See Burrell v. United States,* 223 A.2d 377 (D.C. 1966). Appellant's denial of the veracity of his admission at trial worked to raise the issue of his credibility, but in no way precluded the jury from finding against him. There being sufficient evidence of possession of the gun, it follows that the convictions of failing to register the weapon and ·

possession of ammunition must also be sustained.

▮ We turn now to appellant's conviction under D.C.Code § 22–3212 for the obliteration of the identifying marks·on the pistol. This statute provides in pertinent part that:

No person shall within the District of Columbia change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun. *Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same within the District of Columbia* .... [Emphasis added.]

We note that as a general matter the government must prove every element of a criminal offense beyond a reasonable doubt. There are, however, instances in which the government may take advantage of a statutory inference as to an element although such inferences are closely scrutinized to determine if they are constitutionally permissible. *See Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Statutes, or parts of statutes, authorizing the inference of one fact from the proof of another in criminal cases "must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969). The statute before us, in part, allows the jury to infer that a person possessing a weapon which has had its identifying

**2.** This statute provides in pertinent part:
 Section 22–3203. Unlawful possession of pistol.
 (a) No person shall own or keep a pistol, or have a pistol in his possession or under his control, within the District of Columbia, if:

\* \* \* \* \* \*
 (2) He has been convicted in the District of Columbia or elsewhere of a felony ....

marks altered was in fact the person who actually altered those marks. Given the ease with which weapons can change hands, it cannot be said with substantial assurance that such an inference is valid. *See Turner v. United States, supra.* Accordingly, proof of possession alone is insufficient to sustain a conviction for alteration of identifying marks. We therefore reverse appellant's conviction with regard to this count.

*Reversed in part and affirmed in part.*