**Peter GOUDY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 83–1357.**

District of Columbia Court of Appeals.

Argued April 10, 1985.

Decided July 17, 1985.

Blair G. Brown, Public Defender Service, Washington, D.C., for appellant.

Bradley L. Kelly, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEBEKER, NEWMAN and TERRY, Associate Judges.

NEBEKER, Associate Judge:

Appellant was acquitted by reason of insanity of rape, D.C. Code § 22–2801 (1981). At the time of the offense he was, under a civil commitment order, in St. Elizabeths Hospital. The victim, 77 years old, was also committed to the hospital as an incompetent. On appeal, Goudy contends that the trial court erred in holding that D.C. Code § 22–2801 encompasses nonforcible sexual intercourse with a mentally incompetent woman. Even assuming arguendo that the statute is applicable, appellant asserts that it should be given prospective application only and that the government failed to prove he had actual knowledge of the victim's incapacity to consent. We find it unnecessary to decide these issues. Pretermitting them, this record affords an adequate basis for a lesser included offense predicate for the insanity verdict. Accordingly, we affirm.

The facts underlying this appeal were stipulated by the parties. On July 11, 1982, the victim was a patient under an emergency civil commitment at St. Elizabeths Hospital. She was diagnosed as having senile dementia with delusions. During the day, the victim and other female patients were taken into the Ward 4 area, where appellant resided, so that the men and women could participate in therapy programs together. A nurse in Ward 4 put the victim on a bed in appellant's room, as the heat was oppressive and she quite frail. Later a nurse entered the room and found appellant engaging in sexual intercourse with her. The woman neither moved nor made any sounds. Upon seeing the nurse, appellant zipped up his pants and left the room. The victim was then taken to an emergency room for an examination and treatment. The physician found fresh blood in her vagina but noted that bleeding could have occurred because of her age. He could reach no conclusion as to whether more force than that necessary to accomplish the act of intercourse was exerted.

Upon questioning, the victim gave incoherent responses about the offense, and her doctor determined that she would not have been capable of giving knowing consent to the act.

Goudy was subsequently indicted for rape, D.C.Code § 22–2801 (1981). He moved to dismiss the indictment, but Chief Judge Moultrie held that rape as defined in § 22–2801[1] occurs when there is intercourse with a woman who is mentally incompetent to consent to it. He further determined that under such circumstances, the only force required is that necessary to achieve penetration. Chief Judge Moultrie then considered the facts and found appellant not guilty by reason of insanity. In so doing, he held that Goudy could be found guilty of rape if he knew or reasonably should have known that the victim was incompetent and thereby incapable of consenting.

We begin with the proposition that in the District of Columbia, the factfinder must find beyond a reasonable doubt that an accused committed the acts constituting the offense charged before considering an insanity defense. *Bethea v. United States,* 365 A.2d 64, 94 (D.C.1976), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2979, 53 L.Ed.2d 1095 (1977). Although an insanity acquittal absolves a defendant of legal responsibility for an offense, the underlying finding of "guilt" remains appealable. *Cf. Frendak v. United States,* 408 A.2d 364 (D.C.1979).

The issues presented by the parties are to some extent ones of first impression. From what we can tell, the facts of the case—an offense by one mental patient against another and an insanity acquittal—are also unique, at least in this jurisdiction. Despite the interesting academic, historical, and constitutional nature of these questions, we deem it our first responsibility to decide this case on a narrower ground. Here, it is sufficient for our purposes if the

1. D.C.Code § 22–2801 (1981) provides: "Whoever has carnal knowledge of a female forcibly and against her will ... shall be imprisoned for any term of years or for life."

facts fairly embrace a lesser included offense, not requiring proof of the elements of rape, as a predicate offense for the insanity verdict. Proof of the lesser included offense of assault ends our inquiry, and we find that offense established by the evidence.

■ The settled definition of assault, D.C.Code § 22–504 (1981), is " 'an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person.' " *Guarro v. United States,* 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956) (quoting *Patterson v. Pillans,* 43 App.D.C. 505, 506–07 (1915)). Considering the stipulated facts in support of the charged offense, we note that Goudy was apprehended while engaging in sexual intercourse with the complainant. The conduct clearly constituted an assault, as its sexual nature supplied the element of violence or threat of violence. *In re L.A.G.,* 407 A.2d 688, 689 (D.C.1979). To establish the assault, the government was not required to prove lack of consent, as consent is an affirmative defense to a charge of assault. *See Guarro v. United States, supra,* 99 U.S.App.D.C. at 99–100, 237 F.2d at 580–81.

■ As Chief Judge Moultrie found every fact required for conviction of the lesser included offense of assault, a predicate offense for the insanity verdict was established. *Cf. Moore v. United States,* 388 A.2d 889, 892 (D.C.1978); *United States v. Tremble,* 152 U.S.App.D.C. 363, 365, 470 F.2d 1272, 1274 (1972); *United States v. Whitaker,* 144 U.S.App.D.C. 344, 352, 447 F.2d 314, 322 (1971); *see generally Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983). Thus we modify the judgment so as to state that appellant was adjudged not guilty by reason of insanity of the lesser included offense of assault. As modified, the judgment is

*Affirmed.*