**Peter GOUDY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1357.

District of Columbia Court of Appeals.

Feb. 25, 1986.

James Klein, Mark S. Carlin, and Blair Brown, Public Defender Service, Washington, D.C., were on Petition for Rehearing.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Mary Incontro, Asst. U.S. Attys., Washington, D.C., were on Opposition to the Petition for Rehearing.

Before NEBEKER, NEWMAN and TERRY, Associate Judges.

NEBEKER, Associate Judge, with whom Associate Judge TERRY concurs:

Appellant Goudy complains in his rehearing petition (before the division and for en banc treatment) that the court's opinion has deprived him of

> his right ... to waive his insanity defense to the misdemeanor offense of simple assault, after the division has modified the judgment [of the trial court] from not guilty of rape by reason of insanity to not guilty of the lesser included offense of simple assault by reason of insanity.

He relies on *Frendak v. United States,* 408 A.2d 364 (D.C.1979), for his conclusion that he has a right to elect whether to assert the insanity defense to the lesser included offense. Our holding in *Frendak* does not support that proposition. Frendak was found not guilty by reason of insanity of first-degree murder and a related weapons offense. We held she had a right to eschew that defense. Five reasons were given, and those reasons are totally irrelevant to Goudy's effort to assert the defense as to the felony charge and reject it as to the lesser included charge.

Justification for our holding in *Frendak* began with concern that a defendant might be committed for a period longer than the potential jail sentence. *Id.* at 376. Goudy had already elected to take the risk of lifetime hospital commitment, and a commitment beyond the potential sentence of a lesser included offense was fully contemplated and is proper. *See Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77

L.Ed.2d 694 (1983). The *Jones* holding was not law in 1979 when we expressed concern in *Frendak* that a mental commitment might impermissibly exceed the maximum sentence.[1]

A second reason for our *Frendak* holding was concern that the accused "may object to the quality of treatment or type of confinement" in a mental hospital. 408 A.2d at 376. Here, unlike *Frendak*, Goudy has already accepted the possibility of hospital confinement and treatment which would not differ in duration or method if the predicate offense were a misdemeanor.

The last three reasons for our *Frendak* holding were to allow the accused to avoid "the stigma of insanity," "other collateral consequences of an insanity acquittal," or to reject the defense because the accused "views the crime as a political or religious protest which a finding of insanity would denigrate."[2] *Id.* at 377. These three reasons evaporate as justification for Goudy's position once it is recognized that he has already asserted the defense in this case.

Accordingly, Goudy had no right to eschew the insanity defense as to the lesser offense when he raised it as to the greater. This court's power over the determination of the appeal under D.C.Code § 17–306 (1981) was appropriately exercised.

In the original opinion in *Goudy v. United States*, 495 A.2d 744, 746 (D.C.1985), we stated:

> To establish the assault, the government was not required to prove lack of consent, as consent is an affirmative defense to a charge of assault.

The petition for rehearing helpfully points to error in that statement. Accordingly, we amend the sentence to read as follows:

> To establish the assault, the government was not required to prove lack of consent because " 'consent' is of no significance"

in sexual assaults on mental incompetents.

*So ordered.*

Associate Judge NEWMAN concurs in the amendment of the original opinion only.

---

1. In that context, this court assumed a commitment could not exceed the maximum sentence and still left the court with discretion to impose the defense in misdemeanor cases. *Id.* at 380 n. 30. We could have, but did not, exercise that power here.

2. We surely did not mean to say that one has a right to commit an offense for protest. Nor did we say the offender could reject the insanity defense to make the crime more meaningful.