556 A.2d 645 (1989)
In the Matter of A.B., Appellant.
No. 87-1092.
District of Columbia Court of Appeals.
Argued December 6, 1988.
Decided March 24, 1989.
Joseph B. Tulman, Supervising Atty., with whom Stuart H. Adams, Jr., Student Counsel, was on the brief, for appellant.
Charlotte M. Brookins, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, were on the brief, for appellee.
Before ROGERS, Chief Judge, MACK, Associate Judge, and REILLY, Senior Judge.
ROGERS, Chief Judge:
This appeal presents a new question of statutory interpretation under the District of Columbia assault statute, D.C.Code § 22-504 (1981). Appellant A.B., a fifteen-year-old male, was charged as a juvenile delinquent with one count of simple assault for unlawfully assaulting and threatening in a menacing manner A.E., a twelve-year-old girl. D.C.Code §§ 16-2305, 22-504 (1981). The trial judge found appellant guilty based on an unconsented to nonviolent sexual touching where he grabbed and squeezed A.E.'s buttocks on a public street. On appeal appellant contends that the touching of the buttocks does not constitute a sexual touching and that the evidence was accordingly insufficient to support his conviction. We affirm.

I.
On the afternoon of October 1, 1986, A.E., age twelve, was walking with two friends in the 3000 block of 14th Street, N.W. on her way home. Appellant, age fifteen, was walking with two of his male friends towards the girls from the opposite direction on the same side of the street. Appellant blocked A.E.'s path and refused to move out of the way. According to A.E., he stood with his hands on his hips and his legs open. After several unavailing protests by A.E., appellant stepped aside and told A.E. that he would leave her alone. However, after A.E. passed him, appellant ran by her, telling her that he wanted "to squeeze [her] butt," grabbed *646 and squeezed her buttocks with his hand, and then ran away. Testifying that she felt "uncomfortable" about what had happened, A.E. ran after appellant A.B. to hit him and protect herself, but was unable to catch him. A.E. immediately reported the incident to a nearby police officer. Appellant did not call any witnesses.

II.
The nature of the assault contemplated by D.C.Code § 22-504 (1981)[1] is common law assault which this court has consistently recognized as "`an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person.'" In re L.A.G., 407 A.2d 688, 689 (D.C.1979) (quoting Guarro v. United States, 99 U.S. App.D.C. 97, 99, 237 F.2d 578, 580 (1956)). Where the assault involves a nonviolent sexual touching the court has held that there is an assault within section 22-504 because "the sexual nature [of the conduct] suppl[ies] the element of violence or threat of violence." Goudy v. United States, 495 A.2d 744, 746 (D.C.1985), modified, 505 A.2d 461 (D.C.), cert. denied, 479 U.S. 832, 107 S.Ct. 120, 93 L.Ed.2d 66 (1986); In re L.A.G., supra, 407 A.2d at 689; see also Beausoliel v. United States, 71 App.D.C. 111, 115, 107 F.2d 292, 296-97 (1939).
In the seminal decision of Beausoliel, supra, the U.S. Court of Appeals for the District of Columbia Circuit held that where an adult male directed a six-year-old girl to touch his exposed penis the incident constituted an assault against the girl. Id. at 115-16, 107 F.2d at 296-97. The court relied on the common law concept "that a man who took improper liberties with the person of a female, without her consent, was guilty of assault." Id. at 115, 107 F.2d at 296. Appellant argues that because the term "person" under the common law was a euphemistic reference to genitals, the definition of a nonviolent sexual touching must necessarily be limited to genital contact. We do not read Beausoliel to adopt so limited a definition of nonviolent sexual touching. In Beausoliel, the court reviewed some of the decisions upon which it was relying to illustrate the broad concept of sexual touching that it was adopting. Id. at 115-16, 107 F.2d at 296.[2] Our subsequent caselaw provides several definitions of a nonviolent sexual touching which contain language that is more expansive than that relied upon by appellant. Thus, in Dyson v. United States, 97 A.2d 135 (D.C. 1953), involving a homosexual touching, the court broadly defined sexual touching as "assaults of an indecent nature on women and children" and a "touch . . . in the expression of a lustful instinct." Id. at 137. In In re Lewis, 88 A.2d 582 (D.C.1952), involving an assault by a thirteen-year-old boy on a girl under five years of age, the court simply used the phrase "indecent act" in affirming an assault conviction. Id. at 583. Our caselaw has even used the phrase "intimate expression of a perverted desire" to define what constitutes a sexual touching. Henderson v. United States, 117 A.2d 456, 457 (D.C.1955) (homosexual touching of genitalia). While the factual circumstances heretofore presented to this court have been limited to genitalia, that is hardly a determinative fact. The exception for nonviolent sexual touching is a judicial creation, and consequently we focus on the rationale of prior decisions.
The fundamental rationale of Beausoliel in determining what conduct constitutes a nonviolent sexual touching was that "[i]n a case such as the present, threat or danger of physical suffering or injury in the ordinary *647 sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." Beausoliel, supra, 71 App.D.C. at 115-16, 107 F.2d at 296-97 (footnote omitted). See also Dyson, supra, 97 A.2d at 136 (rationale of Beausoliel applied in a homosexual context to hold that a sexual touching includes where a man fondled the genitals of another man). In the instant case the reaction suffered by A.E. when appellant grabbed and squeezed her buttocks is consistent with the Beausoliel rationale. A.E. testified that she did not consent to appellant's contact, that she did not want him to grab and squeeze her buttocks, that she did not like appellant, and that his actions made her feel uncomfortable "[b]ecause, I don't like him feeling on me." Her reaction after the appellant grabbed and squeezed her buttocks, in running after appellant in an attempt to hit him and protect herself, is corroborative of her mental state.[3]
Appellant argues, however, that, notwithstanding A.E.'s lack of consent, the trial judge found that the incident began in "apparent playfulness" when appellant attempted to block A.E.'s passage on the street, and thus A.B. should not be found guilty in the absence of a specific intent to gain sexual gratification. The sexual touching doctrine is not designed to protect an individual from the specific intent of another individual but from unwanted roving hands; accordingly, the caselaw clearly establishes that in the heterosexual context specific lustful intent is unnecessary. See In re L.A.G., supra, 407 A.2d at 690; Beausoliel, supra, 71 App.D.C. at 115-16, 107 F.2d at 296-97; see generally Pino v. United States, 125 U.S.App.D.C. 225, 370 F.2d 247 (1966) (simple assault is a general intent crime); Parker v. United States, 123 U.S.App.D.C. 343, 359 F.2d 1009 (1966); Anthony v. United States, 361 A.2d 202 (D.C.1976) (no subjective intention to bring about the injury needed).[4] Furthermore, the trial court's reference to "apparent playfulness" was limited to appellant's attempts to block A.E.'s pathway on the street and did not extend to his subsequent act.
Appellant also attempts to limit the force of the prior decisions in this jurisdiction not requiring lustful intent on the grounds that they were decisions in which the defendant touched genitalia. He argues that where genitalia are involved the sexual nature of the touching is clear and thus proof of specific intent is not required. But appellant's argument is premised on the assumption that where a man grabs and squeezes a woman's buttocks, the sexual nature of the touching is absent. Although genitalia may be the most private part of an individual's body, we are unpersuaded that the "commonly accepted community sense of decency, propriety and morality," In re Adams, 24 Wash.App. 517, 519-20, 601 P.2d 995, 997 (1979), does not, under any set of circumstances, contemplate the buttocks as an intimate part of the body deserving of protection from wandering hands. Id. 601 P.2d at 998 ("A person of common understanding should have no trouble in recognizing that hips and lower abdomen are private parts."). Consequently we are unprepared to hold as a matter of law that the unconsented to touching of the *648 buttocks cannot be a sexual touching as to constitute an assault under section 22-504. Indeed, in jurisdictions with sexual assault and abuse statutes, the legislatures have defined sexual contact as the touching of the sexual or other intimate parts of the person which the courts have interpreted to include buttocks. See, e.g., People v. Stroman, 84 A.D.2d 851, 851, 444 N.Y.S.2d 166, 166 (1981); People v. Thomas, 91 Misc.2d 724, 727-28, 398 N.Y.S.2d 821, 824 (Crim. Ct.1977); Oregon v. Buller, 31 Or.App. 889, 891, 571 P.2d 1263, 1264 (1977); cf. Parker v. State, 406 So.2d 1036, 1039 (Ala. Crim.App.1981) (touching of mid-thigh and stomach); State v. Weese, 189 Mont. 464, 467-68, 616 P.2d 371, 374 (1980) (touching of belly and chest); State v. Pagel, 16 Or.App. 412, 413-14, 518 P.2d 1037, 1038, cert. denied, 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105 (1974) (touching of breasts); In re Adams, supra, 24 Wash.App. at 519-20, 601 P.2d at 997-98 (touching of hips).[5]
Appellant's reliance on Duvallon v. District of Columbia, 515 A.2d 724 (D.C.1986), is misplaced. In Duvallon, the court held that the public exposure of the buttocks was not a violation of the District's indecent exposure statute, D.C.Code § 22-1112(a) (1981), because the statute expressly prohibited only the public exposure of "his or her person" which, under the common law, was genitalia. Id. at 728.[6] In the instant case appellant was convicted of assault under section 22-504 for the nonviolent sexual touching of a girl's buttocks. The statute does not refer to "person," and our caselaw does not define a nonviolent sexual touching as limited only to the touching of a man or woman's "person." Moreover, appellant acknowledged the limited predential value of Duvallon when he conceded that grabbing and squeezing a woman's breasts would constitute a nonviolent sexual touching while Duvallon held that a woman who had exposed the sides of her breasts could not be convicted of public indecency under section 22-1112. Id. at 725.[7]
Finally, we hold that the evidence before the trier of fact was sufficient to support the finding that the grabbing and *649 squeezing of A.E.'s buttocks by appellant constituted a nonviolent sexual touching.[8] Not only were appellant and A.E. not of the same peer group, but A.E. testified that she did not even like appellant. Appellant deliberately blocked her from continuing on her way home and only after her protestations for him to leave her alone, which he did not, did he allow her to pass him. He then ran up behind her, told her that he wanted "to squeeze [her] butt," grabbed and squeezed her buttocks and ran away. A.E. immediately reported the incident to a nearby police officer. One of A.E.'s friends gave the same account of events in her testimony. Although the trial judge sitting as the trier of fact,[9] found that the incident began when appellant "apparently playfully blocked" A.E.'s path, the judge did not find that A.E.'s protests and appellant's subsequent action were playful and there is sufficient evidence to support the implied finding of the judge to the contrary, particularly in view of the judge's crediting of A.E.'s testimony about the incident. See Henderson, supra, 117 A.2d at 457-58 (consent to touching); Guarro, supra, 99 U.S.App.D.C. at 100, 237 F.2d at 581 (no assault where consent) (citing 1 WHARTON, CRIMINAL LAW §§ 180, 751 (12th ed. 1932)).[10] Nor does the evidence suggest that the touching was accidental and hence without general intent. See, e.g., Dyson, supra, 97 A.2d at 135; Davenport v. United States, 60 A.2d 226 (D.C.1948), and regardless of whether appellant intended to gain sexual satisfaction from the incident, the judge was entitled to find that he touched her in a sexual manner.
Accordingly, the judgment is affirmed.
MACK, Associate Judge (concurring in the result only):
Appellant was charged with simple assault. I would affirm his conviction on the *650 ground that the overall evidence (beginning with a "playful" blocking of the complaining witness' path and ending with the squeezing of her buttocks) was sufficient to supply the criminal intent necessary to sustain a finding of guilt for simple assault. On this record, the question of whether the touching of buttocks is a "nonviolent sexual touching" becomes irrelevant.
NOTES
[1] D.C.Code § 22-504 (1981) provides:

Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than $500 or be imprisoned not more than 12 months, or both.
[2] For example, one decision quoted by the court held that merely putting one's arm around the neck of another constituted a sexual touching:

"If to put the arm, though tenderly, about the neck of another man's wife, against her will, is not an assault and battery, what is it? Surely, the matrons of the land are not exposed to such an indignity at the pleasure of every libertine * * *."
Id. at 115 n. 18, 107 F.2d at 296 n. 18 (quoting Goodrum v. State, 60 Ga. 509, 510 (1878)).
[3] The government need not prove as an element of the crime that the victim in fact suffered anger, fear or humiliation. Guarro, supra, 99 U.S.App.D.C. at 99, 237 F.2d at 580 ("Beausoliel [does not] require specific proof of emotional injury"); Beausoliel, supra, 71 App.D.C. at 116, 107 F.2d at 297 (victim need not be "aware of the nature of the act or of the danger"); see also Dyson, supra, 97 A.2d at 136. Rather, we note the emotions suffered by A.E. simply to emphasize that the buttocks are an intimate part of an individual's body which are not casually shared with persons. We leave for another day the question whether such actions as are within the scope of the assault statute are limited to touchings between persons of the opposite sex.
[4] Appellant's argument for a lustful intent requirement is based partly on the series of decisions in the 1950s involving homosexual assaults where the court developed special proof requirements because of the court's perception of the unique status and nature of the offense. See In re L.A.G., supra, 407 A.2d at 693 (Newman, J., dissenting); Dyson, supra, 97 A.2d at 137. See also Gary v. United States, 499 A.2d 815, 833 (D.C.1985) (en banc), cert. denied, Cole v. United States, 475 U.S. 1086, 106 S.Ct. 1470, 89 L.Ed.2d 725, cert. denied, Gary v. United States, 477 U.S. 906, 106 S.Ct. 3279, 91 L.Ed.2d 568 (1986).
[5] Appellant further argues that the legislature rather than the court should determine whether a sexual touching includes the buttocks, noting that in jurisdictions where the courts have interpreted sexual contact to include a touching of the buttocks, the courts acted only after the legislature amended the definition of sexual contact to cover "intimate" body parts in addition to sexual and reproductive organs. Appellant's argument overlooks the fact that, unlike this court, the courts in these jurisdictions would have been unable to construe sexual contact to include the buttocks absent an amendment expanding the definition of sexual contact because the plain language of their statutes demonstrated a clear legislative intent to limit the definition of sexual contact to a touching of the sexual and reproductive organs. See, e.g., People v. Thomas, supra, 91 Misc.2d at 726-27, 398 N.Y.S.2d at 823. This jurisdiction, however, does not have a sexual abuse or sexual assault statute, so the legislature has never expressed its intent to include or limit specific parts of the body. Indeed, appellant concedes that the simple assault statute, section 22-504, "does not contain or describe the elements required to show a non-violent sexual touching," and that the doctrine of non-violent sexual touching is entirely a "case-created exception . . . to the statute." The legislature could have enacted a sexual assault or sexual abuse statute if it did not approve of the judicial interpretation of section 22-504 establishing the non-violent sexual touching doctrine. See Cannon v. University of Chicago, 441 U.S. 677, 696-97, 99 S.Ct. 1946, 1957-58, 60 L.Ed.2d 560 (1979) ("always appropriate to assume that our elected representatives. . . know the law"); Florida Nat'l Guard v. FLRA, 699 F.2d 1082, 1087 (11th Cir.), cert. denied, 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983) ("Congress is deemed to know the. . . judicial gloss given to certain language and thus adopts the existing interpretation unless it affirmatively acts to change the meaning."). Rather than usurping a legislative role, we simply apply a well-established judicial doctrine with its origins in the common law to facts of first impression.
[6] But see Messina v. State, 212 Md. 602, 605, 130 A.2d 578, 580 (1957) (at common law indecent exposure is defined to include "`any exposure in public of the entire person, or parts that should not be exhibited'") (citation omitted); see also Duvallon, supra, 515 A.2d at 728-29 & n. 1 (Pryor, C.J., dissenting).
[7] Appellant's reliance on In re L.A.G., supra, 407 A.2d 688, is also misplaced. In In re L.A.G., the court held that a thirteen-year-old boy could not be convicted of simple assault under section 22-504 on the uncorroborated testimony of a twelve-year-old girl that he touched her vagina for approximately five seconds and then walked away, laughing. Id. at 688-89, 692. Corroboration is no longer required, see Gary v. United States, supra note 4, 499 A.2d at 833-34, although A.E.'s testimony was, in fact, corroborated in all critical respects by an eyewitness. Moreover, for appellant to argue that In re L.A. G. establishes that the touching of genitalia cannot constitute a nonviolent sexual touching in the absence of harmful intent would directly contradict nearly fifty years of precedent in this jurisdiction, established by Beausoliel, supra, and its progeny, which could only be reversed by an en banc decision of this court. M.A.P. v. Ryan, 285 A.2d 310, 312 (D.C.1971). The precise rationale of Beausoliel is that where an individual physically touches a sexual or other intimate part of a person's body the act is sufficiently offensive and intrusive to substitute for the harmful intent requirement. Beausoliel, supra, 71 App.D.C. at 115-16, 107 F.2d at 296-97; see also In re L.A.G., supra, 407 A.2d at 692 ("The essence of the offense of assault is . . . an intentional and unwelcomed touching.") (Newman, C.J., dissenting). The passing comment in In re L.A.G., that a "momentary touching . . ., the laughing and the walking away, without more, are hardly supportive of an intention to do any bodily injury, however small," 407 A.2d at 689, does not assist appellant since proof of guilt of assault in In re L.A.G. turned on the sexual nature of the touching, the very issue in the instant case, which, at the time, required corroboration.
[8] In assessing the sufficiency of the evidence we "review the evidence in the light most favorable to the government, recognizing the factfinder's role in weighing the evidence, determining the credibility of the witnesses and drawing justifiable inferences from the evidence." Ford v. United States, 498 A.2d 1135, 1137 (D.C.1985); see also White v. United States, 484 A.2d 553, 557 (D.C.1984); Easley v. United States, 482 A.2d 779, 781 (D.C.1984). The government does not have to negate every possible suggestion of innocence before the defendant can be convicted of an offense beyond a reasonable doubt. In re Q.L.J., 458 A.2d 30, 32 (D.C.1982); In re E.G.C., 373 A.2d 903, 906 (D.C.1977) (citing Manago v. United States, 331 A.2d 335 (D.C.1975); Patterson v. United States, 301 A.2d 67 (D.C.1973)); In re T.J.W., 294 A.2d 174, 176 (D.C.1972) (citing Banks v. United States, 287 A.2d 85, 87 (D.C. 1972)). Rather, the test for reversal is whether "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." Reid v. United States, 466 A.2d 433, 435 (D.C.1983); McClain v. United States, 460 A.2d 562, 567 (D.C.1983).
[9] See D.C.Code § 16-2316(a) (1981) (no right to jury trial where petition charges offense constituting juvenile delinquency).
[10] We do not reach the issue of whether consent would have been a valid defense. The defense of consent is unavailable to an adult who assaults a child through a sexual touching. Guarro, supra, 99 U.S.App.D.C. at 100, 237 F.2d at 581. In In re Lewis, supra, 88 A.2d 582, we held that where a thirteen-year-old boy committed "indecent acts" with a four-year-old girl his "acts clearly constituted an assault since the child's acquiescence or submission was immaterial." Id. at 584 (citing Beausoliel, supra). In some cases consent between minors may be a valid defense where, for example, they are of the same peer group and of equal maturity.