Lonnie MUNGO, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CM–1018.

District of Columbia Court of Appeals.

Argued Jan. 3, 2001.
Decided April 26, 2001.

Camille M. Weithers, New York City, for appellant.

Ryan H. Rainey, a member of the California Bar, Alexandria, VA, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Roy W. McLeese, III, and Mary O'Connor, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Following a bench trial, the trial judge found appellant Lonnie Mungo not guilty of three charged counts of misdemeanor sexual abuse ("MSA"), see D.C.Code § 22–4106 (1996), but guilty of two counts of simple assault, see D.C.Code § 22–504, under the lesser-included offense doctrine. Mungo raises three related arguments on appeal. First, he argues that the trial judge, *sua sponte*, improperly considered the lesser-included offenses. Second, Mungo asserts that simple assault is not a lesser-included offense of MSA. Finally, he urges that the evidence presented at trial was insufficient to convict of assault. Being unpersuaded by these assertions, we affirm his convictions, but remand the case for action consistent with this opinion.

## I.

A mother and her five daughters, G.S. (sixteen years old), E.S. (fifteen years old), C.S. (eleven years old), J.S. (nine years old), and P.S. (six years old), lived at the Wingate Apartment complex in the District of Columbia. Mungo worked as a maintenance engineer at Wingate.

In September 1997, four of the children and a friend, C.D., were in the Wingate apartment when insects flew inside from a balcony. G.S. telephoned the maintenance department for assistance. When no one responded, she and P.S. went downstairs to seek help. Thereafter, Mungo arrived at the apartment to spray the bees. After he finished, he approached C.D., making a spraying sound, and put the spray can down her shirt, touching her breast. She told Mungo to stop. According to C.D., Mungo then put the spray can between her legs, touching her vaginal area. J.S. then jumped on Mungo's back, whereupon Mungo reached behind and began pressing the can on her buttocks. Both J.S. and E.S. told Mungo to stop. Against E.S.'s wishes, Mungo then tried to put the can between E.S.'s legs, near her vaginal area, and down her shirt. While E.S. stated that Mungo did not touch her, J.S. and C.D. testified that Mungo put the can down E.S.'s shirt. Soon thereafter, J.S. jumped off Mungo's back and Mungo left the apartment. C.D. testified that Mungo was in a "playful mood" during the occurrence. J.S. stated that when Mungo "fin-

ished all the bees, he started playing with us."

Following Mungo's departure, the girls called their mother at work. After coming home and talking with the girls, the mother called the police. Officer Leandia Hunsucker responded and interviewed the girls. Officer Hunsucker arrested Mungo later that day.

At trial, Mungo denied touching or playing with any of the girls at anytime. He did, however, testify that he "shook off" one of the girls who had jumped on his back, but did so without touching her with his hands or the spray can. On rebuttal, Detective Ozell Richmond testified that after informing Mungo that "he was in [his] office ... because three young girls said that he had touched them in the wrong area," Mungo remarked that he was only playing with the girls.

Mungo was charged with three counts of MSA in violation of D.C.Code § 22–4106; each count pertained to his conduct toward J.S., E.S., and C.D., respectively. Following a bench trial, the trial judge found Mungo guilty of two counts of the lesser-included offense of simple assault with respect to C.D. and E.S.

## II.

■ Mungo first argues that the trial judge, *sua sponte*, acted improperly by considering the lesser-included offense of simple assault in the absence of a request to do so by one of the parties.[1] There is no doubt that the trial judge initiated the subject of lesser-included offenses with counsel. After the evidence had been presented, the judge remarked:

I've reviewed the evidence and the law in this matter. *And I believe that this is a case where it might be appropriate for the Court to consider lesser included offenses.* That was not something that was discussed at all during—at the time of the trial. And, of course, it sort of—there isn't a time to discuss those issues the way there is in a jury trial.

*I would like to hear from the parties as to whether or not they would like me to consider such offenses.* And, if so, any arguments that they would want to make.

(Emphasis added). Following a brief discussion, the prosecutor responded, "I believe the Government's position would be that the Court can consider [the lesser-included offense of simple assault]." Defense counsel subsequently voiced his opposition to such consideration, "because [he did not] think it's covered but, obviously, the Court can decide that it is and then decide on the lesser included because lesser included are [sic] an option to both sides."

■ In circumstances where the evidence permits, a lesser-included offense of the charged crime may sometimes be considered as an alternative. While we have recognized that a trial court should refrain from instructing a jury on a lesser-included offense without a request from a party to do so, *see, e.g., Woodard v. United States,* 738 A.2d 254, 258 n. 9 (D.C.1999), we have held that a trial court does not commit reversible error in a non-jury juvenile proceeding by initiating consideration of a lesser-included offense. *See In re T.H.B.,* 670 A.2d 895, 902 (D.C.1996). Although the decision whether to request consideration of a lesser-included offense

---

1. The government argues that Mungo did not properly preserve some of his appellate arguments in the trial court. Because Mungo did express his general concern with respect to the application of the lesser-included offense doctrine, we decline to exercise plain error review.

may be a tactical one for the parties, parties do not have unfettered unilateral rights in this regard. *See Woodard, supra,* 738 A.2d at 258 n. 9, 260–61 (parties do not have unilateral right to dictate whether or not a trial court provides a lesser-included offense instruction). Rather, a trial judge, in the exercise of discretion, may invoke consideration of a lesser-included offense if the lesser charge contains some, but not all, of the elements of the greater offense. *See, e.g., Lee v. United States,* 668 A.2d 822, 825–26 (D.C.1995) (outlining our test for determining whether a crime is a lesser-included offense); *see also Woodard, supra,* 738 A.2d at 260–61. Additionally, there must be some evidence to support a rational consideration of the lesser charge. *See generally Boykins v. United States,* 702 A.2d 1242, 1250 (D.C. 1997); *see also Woodard, supra,* 738 A.2d at 260–61. Thus, in bench trials, it is not unusual for trial judges to initiate this kind of inquiry because neither juries nor jury instructions are implicated. *See In re T.H.B., supra,* 670 A.2d at 902. *Cf. Thompson v. United States,* 745 A.2d 308, 316 n. 9 (D.C.2000) (trial judges are presumed to know the law and appropriately evaluate evidence); *Johnson v. United States,* 636 A.2d 978, 981 (D.C.1994) (trial judge presumed to know the proper use of evidence). In this instance, the trial judge evaluated the evidence with respect to the stated charges and, after consulting counsel, decided to consider a lesser charge. In the circumstances presented in this non-jury proceeding, we conclude the trial judge did not err when, after consulting counsel and with the government's acquiescence, decided to consider the lesser charge.

### III.

■ In what we perceive to be the crux of this appeal, Mungo asserts that simple assault is not a lesser-included offense of misdemeanor sexual abuse. When determining whether an offense is a lesser-included offense of a charged crime, this court applies an "elements test." *See Lee, supra,* 668 A.2d at 825–26; *see also Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Under that test, we analyze whether the statutory elements of the lesser offense are contained within those of the greater charged offense, without regard to punishment provisions. *See Lee, supra,* 668 A.2d at 826 (citing *Schmuck, supra,* 489 U.S. at 716, 109 S.Ct. 1443). "The terms 'lesser' and 'greater' . . . refer to the number of elements in the respective crimes because the offense charged must contain all the elements of the [lesser] included offense plus at least one additional element." *State v. Caudillo,* 124 Ariz. 410, 604 P.2d 1121, 1123 (1979) (en banc), quoted in *Lee, supra,* 668 A.2d at 826.

### A. MISDEMEANOR SEXUAL ABUSE

■ The Anti–Sexual Abuse Act of 1994 ("ASAA") amended the District of Columbia's laws with respect to sex offenses. Among its changes, the ASAA created the new offense of misdemeanor sexual abuse. *See* D.C.Code § 22–4106. MSA, the "greater" offense for our purposes, is defined as follows:

> Whoever engages in a sexual act or sexual contact with another person and who should have knowledge or reason to know that the act was committed without that other person's permission, shall be imprisoned for not more than 180 days and, in addition, may be fined in an amount not to exceed $1,000.

*Id.* Accordingly, its essential elements are: (1) that the defendant committed a "sexual act" or "sexual contact" as defined in D.C.Code § 22–4101; and (2) that the de-

fendant knew or should have known that he or she did not have the complainant's permission to engage in the sexual act or sexual conduct. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.60A (4th ed. 1993 & Supp.1996). The legislature provided the following definitions for the terms sexual act and sexual contact:

(8) "Sexual act" means:

(A) The penetration, however slight, of the anus or vulva of another by a penis;

(B) Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

(C) The penetration, however slight, of the anus or vulva by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

(D) The emission of semen is not required for the purposes of subparagraphs (A)-(C) of this paragraph.

(9) "Sexual contact" means the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

D.C.Code § 22–4101(8)–(9). When prosecuting MSA based on alleged sexual contact or an alleged section 22–4101(8)(C) sexual act, the government must therefore also prove an element of intent, i.e., the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. *See id.*

## B. SIMPLE ASSAULT

 As we have stated on a number of occasions, our assault statute, D.C.Code § 22–504, does not provide a definition of simple assault. We have, however, construed the offense to be common law assault. *See Ray v. United States,* 575 A.2d 1196, 1198 (D.C.1990); *In re A.B.,* 556 A.2d 645, 646 (D.C.1989); *Guarro v. United States,* 99 U.S.App. D.C. 97, 99, 237 F.2d 578, 580 (1956). Thus, in this jurisdiction, assault is defined as the unlawful use of force causing injury to another or the attempt to cause injury with the present ability to do so. *See, e.g., Ray, supra,* 575 A.2d at 1198 (quoting *Williamson v. United States,* 445 A.2d 975, 978 (D.C. 1982)). Experience reflects that this offense is most often charged in circumstances involving violent behavior. *See Robinson v. United States,* 506 A.2d 572, 574 (D.C.1986); *see generally* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.06(A) (4th ed.1993). Moreover, in later opinions, we have addressed a theory of assault premised on threatening behavior accompanied by an intent to frighten the victim. *See, e.g., Robinson, supra,* 506 A.2d at 574; *see also* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.06(B) (4th ed.1993). Relying on early decisions such as *Guarro, supra,* and *Beausoliel v. United States,* 71 App. D.C. 111, 115, 107 F.2d 292, 296–97 (1939), as well as other precedent, we have also recognized non-violent sexual touching assault as a distinct type of assault. *See In re A.B., supra,* 556 A.2d at 646–47.[2] As expressed in *In re A.B.,* this offense is characterized as an assault "because 'the sexual nature [of the conduct] supplies the element of violence or threat of violence'" required by § 22–504. *Id.* at 646 (quoting *Goudy v. United States,* 495 A.2d 744, 746

**2.** In *Ray, supra,* 575 A.2d at 1198–99, we upheld an assault conviction premised on

nonsexual offensive touching where a person spit in an officer's face.

(D.C.1985), *modified,* 505 A.2d 461 (D.C.), *cert. denied,* 479 U.S. 832, 107 S.Ct. 120, 93 L.Ed.2d 66 (1986)). Its essential elements are:

1. That the defendant committed a sexual touching on another person;

2. That when the defendant committed the touching, s/he acted voluntarily, on purpose and not by mistake or accident; and

3. That the other person did not consent to being touched by the defendant in that matter.

CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.06(C) (4th ed.1993). Touching another's body in a place that would cause fear, shame, humiliation or mental anguish in a person of reasonable sensibility, if done without consent, constitutes "sexual touching." *See In re A.B., supra,* 556 A.2d at 646–47. The government need not prove that the victim actually suffered anger, fear, or humiliation. *See id.* at 647 n. 3.

### C. LESSER–INCLUDED OFFENSE ANALYSIS

■■■■ Turning to this case, we quickly note that the prosecution's evidence was not predicated on violent assaultive behavior nor upon a theory of intent to frighten. Thus, we consider only the question whether a non-violent sexual touching simple assault may be a lesser-included offense of misdemeanor sexual abuse. Again, applying the analysis set forth in *Lee, supra,* we determine if the greater offense requires all of the elements found in a lesser offense, and in addition, requires proof of at least one more element. *See Lee, supra,* 668 A.2d at 825–26. If so, the latter violation may be a lesser-included offense of the former. As discussed above, misdemeanor sexual abuse requires a "sexual act" or "sexual contact." *See* D.C.Code § 22–4106. Significantly, under

the facts presented here, it must therefore be shown that the accused specifically intended to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. *See* D.C.Code § 22–4101(8)–(9). Non-violent sexual touching assault, on the other hand, is committed by the voluntary touching of another in a sexually sensitive or "private" area without consent. *See In re A.B., supra,* 556 A.2d at 646–47. Sexual touching need only consist of a touching that could offend a person of reasonable sensibility. A comparison of the two offenses reveals that while the proscribed act—the *actus reus*—of non-violent sexual touching assault can be less intimate than the behavior forbidden in the sexual abuse offense, the fundamental difference between the crimes concerns their respective *mens rea* requirements. Misdemeanor sexual abuse requires an intent to do the acts; in addition, in this case, it requires an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. *See* D.C.Code § 22–4101(8)–(9). Simple assault requires only an intent to do the proscribed act. It follows, therefore, that misdemeanor sexual abuse includes all of the elements of non-violent sexual touching assault, plus at least one additional element of intent not found in the latter. Accordingly, we conclude that non-violent sexual touching assault is a lesser-included offense of misdemeanor sexual abuse.

### IV.

■■■■ Mungo's remaining contentions can be resolved summarily. First, he challenges whether the proof in this case was amenable to consideration of a lesser-included offense. In a jury trial, the trial court should submit a lesser-included offense to the jury only when "there is a sufficient evidentiary basis for the lesser charge." *Boykins v. United States,* 702 A.2d 1242, 1250 (D.C.1997)

(quoting *Rease v. United States,* 403 A.2d 322, 328 (D.C.1979)). The "sufficient evidentiary basis" requirement can be satisfied by demonstrating that: "(1) 'there is conflicting testimony on the factual issue,' or (2) the lesser-included offense is fairly inferable from the evidence, including a reconstruction of the events gained by accepting all or some of the testimony of some or all witnesses." *Id.* (citation to internal quotation omitted). An instruction on a lesser-included offense is not warranted in a jury trial, however, if consideration of the alternate charge would be "irrational, or require the jury to undertake a 'bizarre reconstruction of the evidence.'" *Id.* (citation to internal quotation omitted). The evidence in this case satisfies the requirements set forth above. The trial court could have rationally concluded that Mungo did not undertake his purposeful contact with the specific intent required by misdemeanor sexual abuse, but that, nevertheless, such contact could offend a person of reasonable sensibility.[3]

Second, and finally, Mungo contends that the evidence adduced at trial was legally insufficient to support his convictions. We disagree. Simply stated, a reasonable factfinder could have found him guilty on the evidence presented by the government. *See, e.g., Moore v. United States,* 757 A.2d 78, 81–82 (D.C.2000) (setting forth appellate standard of review for claims of insufficient evidence); *Gathy v. United States,* 754 A.2d 912, 917 (D.C. 2000) (same).

## V. *CONCLUSION*

We conclude the trial judge did not err in convicting appellant of the lesser-included offense of simple assault in the context of the evidence presented.

We observe, however, that after making oral findings and docket entries to reflect the convictions, the written entries were later vacated and revised entries substituted therefor. It is unclear whether the later entries accurately reflect the complaining witnesses involved in the initial oral findings of guilt. Accordingly, we affirm the convictions, but remand the case so that, consistent with this opinion, the trial court shall examine the docket entries to assure their accuracy.

*Affirmed.*

---

**3.** The trial court expressed the following rationale for its ruling:

The basis for my [decision] is that I believed that—I believe that the defendant did use what I understood to be the hose of the spray can in a playful way; that the evidence did not support a finding of the finding [sic] of sexual contact that's required under the misdemeanor sexual abuse charge, but ... it was a touching that was offensive to people of reasonable sensibility.