**In re Matthew S. BEWIG, Respondent.**

**No. 99–BG–112.**

District of Columbia Court of Appeals.

Submitted Jan. 8, 2002.
Decided Feb. 14, 2002.

Before SCHWELB and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

This matter is before the court on the recommendation of the Board on Professional Responsibility (the "Board") to disbar respondent pursuant to D.C.Code § 11–2503(a) (1995) for conviction of a crime involving moral turpitude. Respondent pled guilty in the Superior Court to misdemeanor sexual contact in violation of D.C.Code § 22–4106 (1996). Respondent's conviction was reported to this court, and on March 15, 1999, we issued an order setting forth our conclusion that the misdemeanor did not constitute a "serious crime" as defined by D.C. Bar R. XI, § 10(b).[1] The order referred the matter

1. On April 15, 1999, however, the court ordered Bar Counsel and respondent to show cause why an interim suspension should or should not be imposed based on the conviction. On May 19, 1999, the court ordered the show cause order discharged. Judge Reid

to the Board for further proceedings consistent with D.C. Bar R. XI, § 8. The Board determined that respondent committed a crime of moral turpitude on the facts, and also found that the underlying conduct violated Rule 8.4(b) of the D.C. Rules of Professional Conduct (commission of criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness). For the reasons that follow, we accept the Board's recommendation.

The Board followed the procedure for determining whether the misdemeanor offense to which a respondent has pled guilty involves moral turpitude where the attorney's mental state is to some degree impaired, which we set forth in *In re Spiridon*, 755 A.2d 463 (D.C.2000). The Board concluded that respondent's crime involved moral turpitude because the evidence demonstrated that respondent sufficiently understood the wrongfulness of his behavior and was aware that the minor victim was legally incapable of consent, and thus respondent was not sufficiently impaired to warrant consideration under *In re Kersey*, 520 A.2d 321 (D.C.1987), and its progeny. The Board, accordingly, recommends respondent's disbarment, a recommendation that neither the respondent nor Bar Counsel contests.

This court will adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney has failed to contest the proposed sanction." *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995).

During the pendency of the bar disciplinary proceedings, respondent filed a motion for protective order pursuant to

D.C. Bar R. XI, § 17(d), which was ultimately granted by the Board, prohibiting the disclosure of certain records, specifically those disclosing the victim's identity. While the matter was before the Hearing Committee, on December 12, 1999, the Superior Court entered an order in the related misdemeanor case granting a motion to seal references to the identity of the victim.

The Board found that there was sufficient "good cause," in light of the particular facts of this case, under D.C. Bar R. XI, § 17(d), to create an exception to the usual rule that disciplinary proceedings are open to the public from the time of the filing of the petition. The Board stated "[t]he job of the disciplinary system is to assist the public; no member of the public can be more important in this regard than the victim of Respondent's criminal conduct." The Board also declined to make public those documents sealed by the Superior Court. We agree with the Board's approach in this regard, and order that the materials sealed by the Board and the Superior Court remain sealed. Accordingly, it is

ORDERED that Matthew S. Bewig is disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g); therefore, we direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. D.C. Bar R. XI, § 16(c).

*So ordered.*

would have ordered respondent suspended, *pendente lite.*