Larry D. HAWTHORNE, Appellant

v.

UNITED STATES, Appellee.

No. 01–CF–1214.

District of Columbia Court of Appeals.

Submitted Feb. 25, 2003.
Decided Aug. 14, 2003.

---

David Carey Woll, Wheaton, MD, appointed by the court, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., David J. Gorman, and Denise M. Clark, Assistant United States Attorneys, were on the brief for appellee.

Before WAGNER, Chief Judge, and TERRY and FARRELL, Associate Judges.

TERRY, Associate Judge:

Appellant Hawthorne was charged by indictment with armed robbery and possession of a firearm during the commission of a crime of violence ("PFCV"). A jury found him guilty of PFCV as charged, and on the armed robbery count it found him guilty of the lesser included offense of robbery. On appeal from the judgment of conviction, appellant argues that the trial court erred (1) by raising *sua sponte* the issue of whether the government wished it to instruct the jury on the lesser included offense of robbery, and (2) by giving the jury a preliminary instruction on aiding and abetting. We affirm.

I

On October 16, 2000, at approximately 1:45 a.m., Bobby Knight began walking from his Howard University dormitory room to the apartment of a friend, Darrell Chandler. Upon reaching the 1100 block of Harvard Street, Mr. Knight saw two men riding bicycles on the opposite side of the street. The cyclists then crossed the street and came to a stop in front of Mr. Knight. One of them displayed a gun and said, "Give me your money." The man with the gun rummaged through Mr. Knight's bag, but took nothing from it. At that point, a third man—later identified as appellant—approached on foot from behind Mr. Knight and said, "Don't get shot, just give me your money." Mr. Knight gave appellant the $62 he had in his pocket (consisting of three $20 bills and two $1 bills), and appellant in turn gave the other two assailants each a $20 bill. Appellant kept the third $20 bill and threw the $1 bills at Mr. Knight, telling him to "keep the change." Appellant also took Mr. Knight's cellular phone.

After the robbers left, Mr. Knight walked around the corner and found two police officers, James Luckett and Rodney Wilkinson, who were assisting the fire department with a fire in the 1200 block of Columbia Road. Knight told the officers that he had been robbed of his money and cellular phone. Officer Luckett obtained a

description of the three assailants which he then broadcast over the police radio.

As Officer Luckett drove Mr. Knight to his friend's apartment, Lieutenant George Kucik radioed Officer Luckett to inform him that he had stopped two men matching the description at 16th and Lamont Streets, but wanted to obtain more information.[1] Appellant was one of the two. Once Officer Luckett arrived, Lieutenant Kucik patted down the two men he had stopped and felt a cellular phone in appellant's right hip pocket. The officers then conducted a showup identification, in which they brought each suspect separately to a point within a few feet of the police car in which Mr. Knight was seated. Mr. Knight positively identified appellant as the one who had approached him from behind, but was uncertain whether the second man had participated in the robbery. Appellant was then placed under arrest. A search of his person incident to the arrest produced a cellular phone, which Mr. Knight identified as his,[2] and $46 in cash which included one $20 bill.

## II

During a discussion of jury instructions between counsel and the court, the following exchange took place:

> THE COURT: Is the government requesting a lesser included?
>
> MR. GORMAN [the prosecutor]: It certainly seems appropriate unless the court thinks otherwise.
>
> THE COURT: I will give a lesser included of robbery.
>
> MR. GORMAN: Just for argument's sake, if we didn't have a gun, but the defendant was the one who was alleged

to have a gun, I'm not sure that I would necessarily want it, because I think people get confused about people's roles in crimes. But here, either way.

> THE COURT: Just as the statements instructions [*sic*], well, I don't know, it might be Mr. Joseph [defense counsel] would want a lesser included also. But in any event, I will give it. If either of you asks for it, certainly there is a basis . . . .

Defense counsel offered no objection.

■ Appellant now argues that the trial court should not even have broached the subject of a lesser included offense instruction, but instead should have taken a passive role and given such an instruction only if it was affirmatively requested by counsel for one of the parties. Furthermore, he asserts that the prosecutor, even after the court's "prodding," did not request a lesser included offense instruction, but only "affirmed the fact that if [the government] were to request it, the facts would certainly support it." Finally, appellant contends that "the impact of the trial court's actions was devastating" because the jury ultimately found him not guilty of armed robbery, even though the government was clearly going for an "all-or-nothing approach."

■ A lesser included offense instruction is proper when the lesser offense consists of "some but not every element of the greater offense" and the evidence is "sufficient to support the lesser charge." *Bragdon v. United States*, 668 A.2d 403, 405 (D.C.1995) (citation omitted). Appellant does not argue that there was an insufficient basis in the evidence for a lesser

---

1. Lieutenant Kucik testified that after he heard the broadcast, he saw two bicycles— one with a solo rider, and the other carrying two riders—but the solo rider sped away upon seeing him.

2. At the time of the robbery, Mr. Knight was on the phone, talking to his friend Darrell Chandler. Mr. Knight showed Officer Luckett his friend's name on the caller identification screen of the recovered cellular phone as proof that it was his.

included instruction, but only that the court overstepped its bounds by raising the issue with the prosecutor when the prosecutor himself had not mentioned it.[3]

▇▇▇ A defendant in a criminal case does not have "a unilateral right [to pursue] a risk-all strategy" by opposing a request for a lesser included offense instruction. *Woodard v. United States,* 738 A.2d 254, 260 (D.C.1999). Rather, "the chargeability of lesser included offenses rests on a principle of mutuality, that if proper, a charge may be demanded by either the prosecution or [the] defense." *Fuller v. United States,* 132 U.S.App. D.C. 264, 295, 407 F.2d 1199, 1230 (1967) (en banc), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969), *quoted with approval in Lightfoot v. United States,* 378 A.2d 670, 673 (D.C.1977). It is true that "[i]n general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics." *Walker v. United States,* 135 U.S.App. D.C. 280, 283, 418 F.2d 1116, 1119 (1969). Although this court has often repeated this principle, *see, e.g., Bostick v. United States,* 605 A.2d 916, 920 (D.C.1992), it was not until *Mungo v. United States,* 772 A.2d 240 (D.C.2001), that we had an opportunity even to consider whether a defendant could be convicted of a lesser included offense without an appropriate request by one of the parties.

In *Mungo* the appellant argued that the trial court, in a non-jury trial, had acted improperly by considering a lesser included offense *sua sponte* when neither of the parties had asked it to do so. We rejected that argument and said, "In the circumstances presented in this non-jury proceeding, we conclude that the trial judge did not err when, after consulting counsel and with the government's acquiescence, [she] decided to consider the lesser charge." *Id.* at 244. While *Mungo* is certainly helpful here, it is not dispositive of this case, since it is clear that a key factor in our reasoning was that the case was tried before a judge rather than a jury. *See id.* ("in bench trials, it is not unusual for trial judges to initiate this kind of inquiry because neither juries nor jury instructions are implicated").

Although we have not yet addressed this issue in the context of a jury trial, the Maryland Court of Appeals has held that a trial court may, on its own motion, raise the possibility of a lesser included offense instruction in its discussions with counsel. In *Hagans v. State,* 316 Md. 429, 559 A.2d 792 (1989), after noting that many courts are in disagreement as to whether the trial court *sua sponte* may give a jury instruction on an uncharged lesser included offense, *id.* at 454, 559 A.2d at 804, the Maryland court went on to say, "The better view, we believe, is that the trial court ordinarily should not give a jury an instruction on an uncharged lesser included offense where neither side requests *or affirmatively agrees* to such instruction." *Id.* at 455, 559 A.2d at 804 (emphasis added). Elaborating further on this point, the

---

**3.** The government argues in its brief that the lesser included offense instruction on robbery was warranted, since a jury could rationally conclude that even though appellant participated in robbing Mr. Knight, the evidence did not necessarily establish that the gun displayed by appellant's accomplice was operable. Because appellant has not challenged the jury's verdict, however, we need not address the government's point here. The only issue for us to decide is whether the trial court may give a lesser included offense instruction without a request from either of the parties—a somewhat unusual issue, since normally we are asked to decide whether the trial court erred by *refusing* to give a lesser included offense instruction. *See, e.g., Ulmer v. United States,* 649 A.2d 295, 297 (D.C.1994).

court later explicitly held in *Skrivanek v. State*, 356 Md. 270, 739 A.2d 12 (1999), that "[a] prosecutor may be said to 'request or affirmatively agree to such an instruction' even though the judge initially raises the possibility of giving the instruction." *Id.* at 282, 739 A.2d at 18 (citing *Hagans* ).

■ We are persuaded that the approach taken by the Maryland Court of Appeals is the better policy, and thus we hold that a trial court is under no duty to sit quietly and refrain from even mentioning a lesser included instruction until one of the parties requests it (assuming that one is warranted under the circumstances). Rather, the court may give a lesser included instruction if requested to do so *or if* the prosecutor or defense counsel "affirmatively agrees" to one when the court suggests it.[4] Although the prosecutor in this case did not initiate the discussion about the possibility of a lesser included offense instruction, the record makes clear that he "affirmatively agreed" to one by responding to the court's inquiry that such an instruction "certainly seems appropriate unless the court thinks otherwise." We therefore hold that the court committed no error in instructing the jury on the lesser included offense of robbery.[5]

## III

■ Appellant also argues that the trial court committed plain error in giving the jury a preliminary aiding and abetting instruction, because no evidence had yet been presented that he was an aider or abettor, or that someone other than appellant had acted as a principal.[6] This argument is without merit.

■ Whether to give an aiding and abetting instruction is a matter within the sound discretion of the trial court. *See, e.g., Edwards v. United States*, 767 A.2d 241, 251 (D.C.2001). To prove aiding and abetting, the government must show that "(a) a crime was committed by someone; (b) the accused assisted or participated in its commission; and (c) his participation was with guilty knowledge." *Id.* (citation omitted). Under D.C.Code § 22–1805 (2001), "all persons advising, inciting, or conniving at the offense, or aiding and abetting the principal offender, shall be charged as principals and not as accessories." However, "[w]hile a defendant may be charged and convicted as the principal even though proof is that he was only an aider and abettor ... there must be evidence that someone other than defendant was the principal whom the defendant aided and abetted." *Payton v. United States,*

---

4. The Maryland court in *Hagans* mentioned the District of Columbia Circuit as one of the courts that consider it "more appropriate for the parties to decide whether an instruction should be given." 316 Md. at 454, 559 A.2d at 804, citing *Walker*, 135 U.S.App. D.C. at 283, 418 F.2d at 1119. We do not read· the pertinent language from *Walker*, which we have quoted at page 951 of this opinion, as forbidding a trial judge from raising the issue with counsel. On the contrary, while the *Walker* opinion can arguably be read (as appellant contends) as suggesting that the court "take a passive role and allow counsel to request the instruction," it does not hold that the court is forbidden to bring up the subject at all.

5. Appellant argues that because the trial court did not follow the procedure established by Super. Ct.Crim. R. 30, the court "constructively terminated defense counsel's opportunity to object." This argument is not supported by the record, which contains a lengthy conference on instructions that was rife with opportunities for defense counsel to raise an objection. Thus, while we review only for plain error, *see Williamson v. United States*, 445 A.2d 975, 980 n. 5 (D.C.1982), we see no error of any kind in the trial court's actions.

6. Because no objection was made to this instruction at trial, either as a preliminary or a final instruction, appellant can obtain reversal only if he demonstrates plain error.

305 A.2d 512, 513 (D.C.1973) (citations omitted). "One cannot aid or abet himself." *Brooks v. United States,* 599 A.2d 1094, 1099 (D.C.1991) (quoting *United States v. Martin,* 747 F.2d 1404, 1407 (11th Cir.1984)).

In *Brooks* this court held that the trial court had erred in instructing the jury on aiding and abetting because the evidence showed that the defendant "was either the principal or a non-participant ... [with] no evidentiary predicate for finding that he was an aider or abettor." *Brooks,* 599 A.2d at 1100. Here, by contrast, there is an "evidentiary predicate." The government's evidence established that three persons took part in robbing Mr. Knight at gunpoint, that appellant was arrested shortly after the robbery (but was not himself armed with a gun), and that another suspect, possibly the one with the gun, had fled before he could be apprehended by the police. Thus, in contrast to *Brooks,* where there was no evidence that the defendant was assisting another in the commission of a crime, there was in this case "some evidence 'that someone other than defendant was the principal whom the defendant aided and abetted.'" *Edwards,* 767 A.2d at 251–252 (citing *Payton,* 305 A.2d at 513); *see also Bayer v. United States,* 651 A.2d 308, 310–311 (D.C.1994) (distinguishing *Brooks* ). We are satisfied that the trial court committed no legal error and no abuse of discretion—and certainly no plain error—when it instructed the jury on aiding and abetting, either preliminarily or in its final charge.[7]

*Affirmed.*

---

7. As to the preliminary instruction, we note that the court cautioned the jury that its preliminary remarks were "not the final controlling instructions on the law" and were only "intended to familiarize you with certain things."