Marvin L. DAVIS, Appellant,

v.

UNITED STATES, Appellee.

No. 03–CM–326.

District of Columbia Court of Appeals.

Argued Sept. 21, 2004.
Decided May 12, 2005.

Michael O'Keefe, appointed by the court for appellant.

Opher Shweiki, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney at the time the brief was filed, and John R. Fisher and Roy W. McLeese III, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

GLICKMAN, Associate Judge:

Marvin L. Davis was charged by information with one count of misdemeanor sexual abuse in violation of D.C.Code § 22–3006 (2001).[1] He was convicted in a bench trial of the lesser-included offense of attempted misdemeanor sexual abuse, as defined by D.C.Code § 22–3018.[2] In finding Davis guilty, the trial judge credited the testimony of the complainant, Davis's eleven-year-old daughter. According to her account, she and Davis were at home watching television when he asked her to massage his back. During the massage, Davis turned over, and, with his hands in his shorts, he exposed his penis and asked his daughter to rub it. She ran out of the room and reported the incident to her mother and, subsequently, to her therapist, who informed the authorities.

Davis claims that the trial judge erred as a matter of law in concluding that a consent defense is not available to a defendant charged with attempted misdemeanor sexual abuse where the complainant is a child. Davis also claims that, in any event, the government did not present sufficient evidence that he attempted to commit the offense of misdemeanor sexual abuse.

We are not persuaded by either of Davis's claims and therefore affirm his conviction.

### I.

As Davis's first claim turns on the proper construction of two statutes, D.C.Code §§ 22–3006 ("Misdemeanor sexual abuse") and 22–3007 ("Defense to sexual abuse"), our review of the claim is *de novo. District of Columbia v. Jerry M.,* 717 A.2d 866, 868 (D.C.1998). The two provisions at issue were enacted as part of the Anti–Sexual Abuse Act of 1994 ("ASAA"), which revamped the sex offense laws of the District of Columbia. *See*

---

1. D.C.Code § 22–3006 ("Misdemeanor sexual abuse") reads:

    Whoever engages in a sexual act or sexual contact with another person and who should have knowledge or reason to know that the act was committed without that other person's permission, shall be imprisoned for not more than 180 days and, in addition, may be fined in an amount not to exceed $1,000.

    The terms "sexual act" and "sexual contact" are defined in D.C.Code §§ 22–3001(8) and 22–3001(9), respectively.

2. D.C.Code § 22–3018 ("Attempts to commit sexual offenses") reads:

    Any person who attempts to commit an offense under this subchapter shall be imprisoned for a term of years not to exceed 15 years where the maximum prison term authorized for the offense is life or for not more than 1/2 of the maximum prison sentence authorized for the offense and, in addition, may be fined an amount not to exceed 1/2 of the maximum fine authorized for the offense.

D.C.Code §§ 22–3001 *et seq.* The ASAA groups sex offenses into four categories. The offense of misdemeanor sex abuse is in the first category along with four degrees of felony sexual abuse. *See* D.C.Code §§ 22–3002 to 22–3006. The distinguishing characteristic of these offenses, which we refer to generally as sexual assaults, is the commission of a sexual act or contact against the victim's will or without the victim's consent, typically by means of force or threats or by taking advantage of the victim's incapacitation or impairment. To prove misdemeanor sexual abuse, the least serious offense in this category, the government need only establish that the defendant knew or should have known that the complainant did not give "permission" to the sexual act or contact at issue. D.C.Code § 22–3006; *see Mungo v. United States*, 772 A.2d 240, 244–45 (D.C.2001). The term "permission" is not specifically defined in the statute, but in common usage, the word is a synonym for "consent." [3]

Unlike the general sexual assault offenses in the first category, the offenses in the other ASAA categories address particular situations and relationships in which the victims are deemed incapable of giving meaningful consent, and for which coercion accordingly is presumed. Specifically, the offenses in the second category prohibit any person who is at least four years older than a child from engaging in sexual activity with that child. *See* D.C.Code §§ 22–3008 to 22–3010 (defining first and second degree child sexual abuse and enticing a child).[4] Comparable offenses in the third and fourth ASAA categories target the sexual abuse of wards, patients, and clients. *See* D.C.Code §§ 22–3013 to 22–3016.

D.C.Code § 22–3007 provides that "consent" by the victim is an affirmative defense to a prosecution for any of the general sexual assault offenses in the first ASAA category, including misdemeanor sexual abuse.[5] "Consent" is defined to mean "words or overt actions indicating a freely given agreement to the sexual act or contact in question," with the caveat that "[l]ack of verbal or physical resistance or submission by the victim, resulting from the use of force, threats, or coercion by the defendant shall not constitute consent." D.C.Code § 22–3001(4). In contrast, D.C.Code §§ 22–3011 and 22–3017 provide that consent is not a defense to child sexual abuse and the other victim-specific offenses in the second, third and fourth ASAA categories.[6]

---

3. *See, e.g.,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1683 (1993) (defining "permission" as "formal consent"). The ASAA was not intended to criminalize consensual sexual activity between adults. *See* COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT OF THE COMMITTEE ON THE JUDICIARY, BILL 10–87, THE "ANTI-SEXUAL ABUSE ACT OF 1994," at 4 (1994) (hereinafter, "COMMITTEE REPORT").

4. A "child" is defined as "a person who has not yet attained the age of 16 years." D.C.Code § 22–3001(3). Each of the three child sex abuse offenses requires that the perpetrator be at least four years older than the child victim.

5. D.C.Code § 22–3007 ("Defense to sexual abuse") reads:

Consent by the victim is a defense, which the defendant must establish by a preponderance of the evidence, to a prosecution under §§ 22–3002 to 22–3006, prosecuted alone or in conjunction with charges under § 22–3018 or §§ 22–401 and 22–403.

6. In pertinent part, D.C.Code § 22–3011 ("Defenses to child sexual abuse") provides that "[n]either mistake of age nor consent is a defense to a prosecution under §§ 22–3008 to 22–3010, prosecuted alone or in conjunction with charges under § 22–3018 or § 22–403." D.C.Code § 22–3017 ("Defenses to sexual abuse of a ward, patient, or client") similarly provides, in pertinent part, that "[c]onsent is

Davis argues that because § 22–3007 makes consent a defense to misdemeanor sexual abuse, while § 22–3011 precludes consent as a defense only in prosecutions for other offenses, he was not guilty of attempted misdemeanor sexual abuse of his daughter, despite her age, since he sought merely consensual sexual contact.[7]

■ We reject this argument, as it is based on a fundamental misreading of the ASAA. Section 22–3011 preserves the long-standing rule that a child is legally incapable of consenting to sexual conduct with an adult.[8] The historical premise of that rule is that children cannot consent "in a meaningful way," *Williams v. United States,* 756 A.2d 380, 386 (D.C.2000), because they "do not understand what is happening to them." *Guarro v. United States,* 99 U.S.App. D.C. 97, 100, 237 F.2d 578, 581 (1956). Prior to the ASAA, no exceptions to the rule were countenanced; "when a child under the age of consent is involved the law conclusively presumes force and the question of consent is immaterial." *United States v. Jones,* 155 U.S.App. D.C. 328, 333, 477 F.2d 1213, 1218 (1973). The purpose of the law thus has long been to protect children, "regardless of the use of force or consent, from *any* sexual relationship." *Ballard v. United States,* 430 A.2d 483, 486 (D.C.1981) (emphasis in original). This fundamental policy continues to animate the ASAA. The drafters viewed sexual conduct between adults and children as "inherently coercive due to the age difference between the participants." Committee Report, *supra* note 3, at 4. According-

ly, except for the innovation of the four-year age differential requirement, the drafters intended the ASAA to be "consistent with existing law governing indecent acts with children." *Id.*

■ The rule that children cannot consent to sexual advances by adults was never restricted to prosecutions for child-specific sexual abuse offenses. On the contrary, the rule has been applied with equal force in general sexual assault prosecutions in which consent by the victim is a recognized defense. When non-violent sexual touching is prosecuted as a simple assault, for instance, the prosecution must establish that the complainant did not consent to being touched. *See Mungo,* 772 A.2d at 245–46 (holding, *inter alia,* that non-violent sexual touching assault is a lesser-included offense of misdemeanor sexual abuse). If the complainant was a child at the time of the assault, however, the defense of consent is unavailable. *In re A.B.,* 556 A.2d 645, 649 n. 10 (D.C.1989) (citing *Guarro,* 99 U.S.App. D.C. at 100, 237 F.2d at 581). This exception recognizes that children "do not have the capacity to consent to intimate sexual touching." *Jenkins v. United States,* 506 A.2d 1120, 1123 (D.C.1986) (citations omitted).

There is no evidence that the Council intended to change the law so as to allow consent of a child victim to be raised as a defense in general sexual assault prosecutions under the ASAA. The Council, being of the view that sexual activity between adults and children is inherently coercive, had no reason to do so. Such a significant

not a defense to a prosecution under §§ 22–3013 to 22–3016, prosecuted alone or in conjunction with charges under § 22–3018."

7. Although Davis could have been found guilty of attempted second degree child sexual abuse, *see* D.C.Code § 22–3009, he was not prosecuted under that statute.

8. By adopting the four-year age differential as an element of the child sexual abuse provisions, it appears that the ASAA does modify the traditional rule so as to allow *bona fide* consent of a child victim to be a potential defense where the defendant is less than four years older than the child. That, of course, was not the case here.

and inexplicable change would have been contrary to the drafters' expressed intention that the ASAA be consistent with prior law in this area.[9]

Davis does not contend that under the ASAA, a defendant cannot be charged with a general sexual assault offense if a child-specific offense such as first or second degree child sexual abuse would apply to the conduct at issue. *See post* at 1107 (concurring opinion of Judge Farrell expressing "strong reservations" about the applicability of the misdemeanor sexual abuse statute where the victim is a child). Facially, the misdemeanor sexual abuse statute is applicable to Davis's offense against his daughter. He has not argued otherwise, nor has the government addressed the issue. Although the Council may not have anticipated that the United States Attorney's Office would opt to prosecute crimes against children under the misdemeanor statute, that does not mean the Council intended to preclude the practice. *See generally United States v. Young*, 376 A.2d 809, 812–13 (D.C.1977) (holding, *inter alia*, that where two criminal statutes apply to the same conduct, the government may elect to prosecute under either). Moreover, this case is not the first such prosecution that has come to our attention. *See, e.g., In re Bewig*, 791 A.2d 908, 909 (D.C.2002); *Mungo*, 772 A.2d at 242–43. We therefore leave for another occasion the question of statutory interpretation that Judge Farrell discusses.

■ Thus, because D.C.Code § 22–3011 makes clear that children are legally incapable of consenting to sexual activity with adults, we hold that if the complainant in a misdemeanor sexual abuse (or other general sexual assault) prosecution was a child at the time of the alleged offense, an adult defendant who is at least four years older than the complainant may not assert a "consent" defense. In such a case, the child's consent is not valid for purposes of D.C.Code § 22–3007. By the same token, unless he was deceived, the defendant is charged with the knowledge that the sexual act or contact was committed without the child's valid "permission" within the meaning of D.C.Code § 22–3006.

Applying our holdings to the present case, Davis should have known that his eleven-year-old daughter could not validly consent to his sexual advance. Notwithstanding § 22–3007, therefore, Davis properly could be convicted of attempted misdemeanor sexual abuse.

## II.

■ We turn to Davis's second claim on appeal, that the prosecution presented insufficient evidence to support his conviction. Davis argues that (1) his daughter was not a credible witness, because her allegation was uncorroborated, and she had a history of emotional problems and a reputation for dishonesty; and (2) the evidence did not show unequivocally that he intended to coerce his daughter to participate in a sexual contact.[10] We are not persuaded.

■ In evaluating sufficiency, we view the evidence in the light most favorable to

---

9. Such a radical expansion of the consent defense also would have been contrary to the drafters' announced desire to "strengthen" the District's laws against sexual abuse and make them "more inclusive, flexible and reflective of the broad range of abusive conduct which does in fact occur." COMMITTEE REPORT, *supra* note 3, at 1.

10. *See* D.C.Code § 22–3001(9) (defining "sexual contact" to mean a touching of the genitalia or other specified parts of the body "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").

sustaining the verdict, recognizing that it is the primary role of the factfinder to determine credibility, weigh the evidence, and draw justifiable inferences of fact. *Mihas v. United States*, 618 A.2d 197, 200 (D.C.1992). We thus defer to the trial judge's decision to believe Davis's daughter; her account was not inherently incredible, nor did it have to be corroborated.[11] *See Gary v. United States*, 499 A.2d 815, 833–34 (D.C.1985) (en banc).

■ "To prove an attempt, the government is not required to prove more than 'an overt act done with the intent to commit a crime, ... which, except for some interference, would have resulted in the commission of the crime.'" *Evans v. United States*, 779 A.2d 891, 894 (D.C. 2001) (quoting *Wormsley v. United States*, 526 A.2d 1373, 1375 (D.C.1987)) (construing the general attempt statute, D.C.Code § 22–1803 (2001)). While "[m]ere preparation may not be an attempt," *In re Doe*, 855 A.2d 1100, 1107 n. 12 (D.C.2004), this case involved more than mere preparation. According to his daughter, Davis committed an overt act that went beyond mere preparation when he exposed himself to her and asked her to rub his penis. As his eleven-year-old daughter was legally incapable of consenting to Davis's sexual advance, coercion was implicit and need not have been otherwise shown. Additionally, Davis's intent to obtain illicit sexual gratification could be inferred. His overt acts therefore would have resulted in a completed crime—at the very least, misdemeanor sexual abuse—but for the fact that his daughter fled instead of submitting to his request. These facts are enough to convince us that the government presented sufficient evidence to convict Davis of a criminal attempt.

### III.

For the foregoing reasons, Davis's conviction is hereby

*Affirmed.*

FARRELL, Associate Judge, concurring in the result:

I have strong reservations about whether the D.C. Council, in enacting the ASAA to "strengthen and reform the existing laws against rape and sexual abuse in the District of Columbia,"[1] intended the government to be able to charge the new offense of misdemeanor sexual abuse, D.C.Code § 22–3006, in the case of a child victim. As part of the ASAA, the Council established a hierarchy of crimes expressly dealing with sexual abuse of children. *See* §§ 22–3008 to 22–3010. It included no misdemeanor offense within that hierarchy. Also, as to those crimes, it declared the defenses of mistake of age and consent largely inapplicable. *See* § 22–3011(a). Nevertheless, in this case as in others, *see Mungo v. United States*, 772 A.2d 240, 244–45 (D.C.2001), the government has reached outside that hierarchy to charge child sexual abuse—here, specifically, an unlawful "sexual contact"—under a misdemeanor statute, § 22–3006, that does two pertinent things. First, as an element of the offense, it requires the government to prove that the complainant did not give "permission" for the sexual act or contact at issue. *See Mungo*, 772 A.2d at 244–45. Second, it incorporates the same defense of consent that the Council mostly barred in the case of child sexual abuse. *See*

---

11. In point of fact, the testimony of Davis's daughter *was* corroborated, for example, by the fact that she promptly reported her father's sexual advance to her mother.

1. COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT OF THE COMMITTEE ON THE JUDICIARY, BILL 10–87, THE "ANTI-SEXUAL ABUSE ACT OF 1994," at 1 ("COMMITTEE REPORT").

§ 22–3007. The court deals with this seeming contradiction—a charge of child abuse under a statute permitting a defense of permission or consent the Council meant largely to bar in the case of child victims—by what amounts to a revision of § 22–3006, as well as the other general sexual assault provisions of the ASAA. *See* §§ 22–3002 to 22–3005. Despite the plain language of § 22–3007, it holds that "if the complainant in a misdemeanor sexual abuse (or other general sexual assault) prosecution was a child at the time of the alleged offense, an adult defendant who is at least four years older than the complainant may not assert a 'consent' defense." *Ante* at [1106]. (The four-year differential, not mentioned in either § 22–3006 or § 22–3007, is borrowed from the child sexual abuse provisions.) This is a questionable exercise of statutory interpretation, for in general a court should no more read out of a statute, even for a subclass of cases (here child sexual abuse prosecutions), a defense the statute plainly makes available than it should "read into an unambiguous statute language that is clearly not there." *Carter v. State Farm Mut. Auto. Ins. Co.*, 808 A.2d 466, 472 (D.C.2002).

It would not be a response, it seems to me, to say that by "consent" in § 22–3007 the Council meant "legally valid" consent, something a child by law cannot give. When the Council in the ASAA meant to invalidate consent as a matter of law, it knew exactly how to do so, as in § 22–3011; *see also* § 22–3017 ("[c]onsent is not a defense to a prosecution for" sexual abuse of a ward, a patient, or a client). The natural conclusion, I believe, is that the consent or permission referred to in §§ 22–3006 and 22–3007 is "valid" in all its applications, to be established as a matter of *fact* (or at least reasonable doubt) in any case where raised as a defense. Yet, since the Council plainly meant to bar that defense in most child sexual abuse prosecutions, I strongly doubt that it intended such prosecutions to come within the reach of § 22–3006. As the court recognizes, appellant could have been charged with second degree child sexual abuse, § 22–3009, as to which no issue of consent—and thus no need to revise the statutory language—would have arisen.

Davis, however, has not argued in this court, nor did he argue below, that he was charged under the wrong statute. I see no duty of the court to raise the issue for him at this late date, and because I agree that consent was unavailable to him as a defense in this child sexual abuse prosecution, I join the court in affirming.