**Clement NKOP, Appellant**

v.

**UNITED STATES, Appellee.**

No. 06–CM–632.

District of Columbia Court of Appeals.

Submitted Feb. 13, 2008.
Decided April 3, 2008.

William Francis Xavier Becker, appointed by this court, was on the brief, for appellant.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, Thomas J. Tourish, Jr., Sarah A. McClellan, and John G. Interrante (a member of the Pennsylvania Bar), Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Appellant Clement Nkop appeals from his convictions after a bench trial for two counts of attempt misdemeanor sexual abuse[1] and two counts of simple assault[2] arising from the inappropriate sexual touching of two female patients at a skilled nursing facility. Specifically, appellant contends the trial court erred in failing to recognize that the attempt misdemeanor sexual abuse convictions merged with the convictions for simple assault. We conclude that simple assault is a lesser-included offense of attempt misdemeanor sexual abuse, and therefore remand solely for the purpose of vacating two of the convictions and for resentencing consistent with the charges that remain.

**I.**

A. *The Government's Evidence*

Appellant worked as a certified nursing assistant (CNA) at the Washington Home and Hospice (Washington Home) in Northwest Washington. On the morning of March 7, 2005, appellant entered the room of the first complaining witness at about 1:30 a.m. to change her diaper. The complainant testified that appellant put on a pair of gloves, took a wipe, and then stroked the inside of her thighs several times. Appellant then opened the complainant's diaper, cleaned her with a wipe, and then "started rubbing circles on [her] clitoris" for about two minutes with the wipe in hand. Appellant moved his hand down to the complainant's vagina and repeated the same motion "just barely on the inside of [her] vagina."

---

1. D.C.Code §§ 22–3006, –3018 (2001).

2. *Id.* § 22–404.

Later that same morning, between 3:00 a.m. and 4:00 a.m., the second complaining witness rang the bell in her room to have her diaper changed. Although she usually asked for a female CNA, the second complainant testified that she was "exhausted" and did not make the request that morning. Thus, appellant, who had not previously changed her diaper, responded to her call. Appellant, without putting on gloves, removed the second complainant's old diaper, rubbed the inside of her legs in her upper-thigh area, stroked the top of her pubic hair twice with his fingers, and touched the "outside of [her] vagina." The second complainant told appellant, "Please don't do that." After appellant put a new diaper on the second complainant, he began rubbing her legs again, and she again said, "Please don't do that." Both complainants testified they had not given appellant permission to touch their private areas and that no other male CNA had ever touched them in this manner while changing their diapers. When the first and second complainants discovered appellant had touched both of them inappropriately, they reported the incidents to the unit manager, Jackie Omatoshow.[3]

Johanna Ramsammy, a CNA at the Washington Home, trained appellant and had over twenty years of experience as a CNA. Ramsammy testified about perineal care of incontinent residents like the complainants and explained that it was inappropriate to rub a patient's thighs before putting on a new diaper. She also testified that it was inappropriate to stroke a patient's pubic hair without using a wipe. On cross-examination, Ramsammy testified that no other residents had complained about appellant prior to March 7, 2005.

## B. *The Defense Evidence*

Appellant was the only defense witness. He testified that he had worked at the Washington Home for three years prior to March 7, 2005, and had been a CNA for twelve years. He knew both complainants as residents of the Washington Home and had previously provided them with assistance.

Appellant described the first complainant as a "[v]ery demanding" patient and said she became upset with him about two weeks before March 7, 2005, because her care was interrupted by a cell phone call from appellant's wife and by a call to assist another resident. He also explained how he had changed the first complainant's diaper on March 7, 2005, and denied touching her in any inappropriate manner.

Appellant also testified about his interaction with the second complainant on that same morning. He testified that at about 3:15 a.m., the second complainant signaled for assistance. Appellant responded and told the second complainant that the woman who was taking care of her that morning was on break and offered to change her himself. He said there was nothing unusual about the second complainant's care that morning, and he denied touching her in any inappropriate manner. Finally, appellant testified that the Washington Home had not previously disciplined him for poor performance or poor treatment of a patient prior to March 7, 2005.

## II.

■ To prove misdemeanor sexual abuse, the government must prove the defendant (1) committed a "sexual act" or "sexual contact"; (2) intended to abuse,

---

**3.** Joy Iyamu, a restorative CNA at the Washington Home, testified that the second complainant reported the incident to her on the morning of March 7, 2005. Iyamu, in turn, told the second complainant to report the matter to Omatoshow.

humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;[4] and (3) "knew or should have known that he or she did not have the complainant's permission to engage in the sexual act or sexual contact." *Mungo v. United States,* 772 A.2d 240, 245 (D.C.2001) (citing CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.60A (4th ed. 1993 & Supp. 1996)). The element of intent may be shown by virtue of touching or attempting to touch a complainant's private area. For the attempt offense of misdemeanor sexual abuse, the government must prove the defendant (1) intended to commit the crime, and (2) committed an overt act towards completion of the crime that (3) came within "dangerous proximity of completing the crime." *Jones v. United States,* 386 A.2d 308, 312 (D.C.1978); *see also* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.04. Of course, a defendant may be charged with an attempted offense even if the evidence shows he completed the offense. *See Evans v. United States,* 779 A.2d 891, 894 (D.C.2001).

■ We noted in *Alfaro v. United States,* 859 A.2d 149 (D.C.2004), that in this jurisdiction, although there are three forms of simple assault, we follow the common law concept of that offense. 859 A.2d at 156. Thus, an assault may be committed by doing an unlawful act with the general intent to do so, or by the attempt to do the act with the present ability to complete it. *See Beausoliel v. United States,* 71 App. D.C. 111, 115, 107 F.2d 292, 296 n. 14 (1939). Simple assault in the form of a non-violent sexual touching requires the government to prove (1) the

defendant committed (or attempted to commit) a sexual touching on another person; (2) the defendant did so voluntarily, on purpose, and not by mistake or accident; and (3) the other person did not consent to the touching. *See Mungo, supra,* 772 A.2d at 246; *Beausoliel,* 71 App. D.C. at 115, 107 F.2d at 296.

■ This case raises a narrow question: whether an accused may be sentenced (or punished) for both simple assault (unlawful sexual touching) and attempt misdemeanor sexual abuse where the offenses arose out of the same incident. Of course an inquiry of this nature leads to consideration of the protection afforded by the Double Jeopardy Clause. *See Alfaro,* 859 A.2d at 155. Applying the familiar test in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether two different offenses are legally the same, we ask whether the elements of each offense, when compared, requires the proof of an element which the other does not. 284 U.S. at 304, 52 S.Ct. 180. If each offense has an element the other does not, then they are not the same offense. *Id.* We perceive no jeopardy concern here.

■ In this instance, it is apparent that simple assault requires an unlawful sexual touching with an intent to do so, or the attempt to touch with the present ability to complete the act. By comparison, attempt misdemeanor sexual abuse requires an intent to accomplish a sexual touching, with an overt act that comes within close proximity of completion. Lastly, the actor must have an additional *mens rea* "to abuse, humiliate, harass, de-

---

4. "Sexual act" and "sexual contact" are defined in D.C.Code § 22–3001(8) and (9). For purposes of this case, the government alleged appellant engaged in "sexual contact," which is defined as:

(9) . . . the touching with any clothed or unclothed part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.
D.C.Code § 22–3001(9).
The definition of "sexual act" contains an identical provision for intent.

grade, or arouse or gratify the sexual desire of any person." D.C.Code § 22–4101(8)–(9); *Mungo, supra,* 772 A.2d at 246. In *Mungo* we held that simple assault is the lesser-included offense of the completed offense, misdemeanor sexual abuse. *Mungo, supra,* 772 A.2d at 246. This simply means that the elements of the lesser offense are a subset of the greater one. *Alfaro, supra,* 859 A.2d at 155. Here the crime of attempt misdemeanor sexual abuse requires proof of all the elements of simple assault (including an attempted assault), and requires the additional *mens rea* which the latter does not.[5] We therefore conclude that simple assault is a lesser-included offense of attempt misdemeanor sexual abuse.[6] *See Lee v. United States,* 668 A.2d 822, 827 (D.C.1995) (holding that the penalty for a lesser-included offense need not be lower, and may be even higher, than for the greater offense).

Accordingly, we remand with instructions to the trial court to vacate the charges for either attempt misdemeanor sexual abuse or simple assault and for re-sentencing consistent with the charges that remain.

*So ordered.*

---

**5.** As we noted in *Cullen v. United States,* 886 A.2d 870 (D.C.2005), the rule of lenity teaches that "criminal statutes should be strictly construed and that ambiguities should be resolved in favor of the defendant." 886 A.2d at 874 (citing *Belay v. District of Columbia,* 860 A.2d 365, 367 (D.C.2004)).

**6.** The government cites *Davis v. United States,* 873 A.2d 1101 (D.C.2005), for the proposition that it is possible to commit attempt misdemeanor sexual abuse without committing an assault. The defendant in *Davis* was charged with a single count of misdemeanor sexual abuse, but not also with assault. He was convicted of attempt misdemeanor sexual abuse based on evidence that he exposed his penis to his daughter and asked her to rub it. The government is mistaken in arguing that this offense did not constitute an assault because there was no actual touching. *See Beausoliel,* 71 App. D.C. at 115, 107 F.2d at 296 (noting that it has been held to be an assault "to stand in proximity to a young girl in a state of indecent exposure with intent to ravish," or "to sit on the bed of a girl and lean over her with a proffer of sexual intercourse"). As discussed above, assaults included attempted as well as actual batteries.